## In the United States District Court for the District of Oregon

| | |
|---|---|
| Kursten Owen (individually and d/b/a Elegance & Geekery LLC), | **Plaintiff's Ex Parte Motion for Temporary Restraining Order** |
| Plaintiff, | |
| v. | Case No.: 6:25-cv-01272-AA |
| Breana Askew (individually and d/b/a Breromi), Kiandria Demone Boyce, and Does 1-100, | |
| Defendants. | |

---

### Plaintiff's Ex Parte Motion for Temporary Restraining Order

Plaintiff Kursten Owen respectfully asks the Court to issue an ex parte temporary restraining order (TRO). The grounds for issuing the TRO are laid out in the attached memo of law and are supported by the affidavit of Plaintiff Owen. Plaintiff Owen claims:

1. Plaintiff Owen has filed this lawsuit against defendants Breana Askew and Kiandria Demone Boyce.

2. The claims in the lawsuit and requests for relief relate to defamatory statements made by defendants about Plaintiff Owen and the products she sells through her company, Elegance & Geekery.

3. Plaintiff is likely to succeed on the merits of at least her defamation claims, as the defamatory statements made are defamation per se and Defendants have no reasonable defense.

4. Defendants have been engaged in an online harassment campaign since July 15, 2025, wherein they continue to spread defamatory lies, including that Plaintiff Owen is committing the crime of selling counterfeit goods.

5. Defendants have incited others online to specifically "report" Plaintiff's business to platforms on which she sells goods, including Shopify.

6. In step-by-step guides, Defendants have instructed the public on how to report Plaintiff's stores as engaged in "illegal conduct."

7. In addition to calling for the reporting of her storefront, Defendants have incited a public campaign of harassment against Plaintiff: she has and continues to receive death threats, has had her name and the names of family members (as well as photos of them) shared online, and her store has been the target of wrongful, false reviews repeating the defamatory lies.

8. Plaintiff has informed Defendants via email that this conduct constitutes the spreading of a lie, as Defendants admit that Defendant Askew has no claims to any intellectual property at this time other than an abandoned trademark application and a recently filed and unpublished patent application.

9. Plaintiff made efforts to resolve this issue outside of court.

10. Defendants are aware that without any claims to intellectual property, there can be no counterfeiting.

11. Defendants were told about the state of the law very clearly and directly over emails that I spent a long time drafting and ensuring were 100% correct (Defendant Askew directly and Defendant Demone by having the emails shared with her), and yet continue to defame plaintiff and incite harassment against her and her business.

12. Defendants have made it clear through their online conduct, increasing threats, and inability to reason privately regarding this matter, that they have no intention of halting their defamatory campaign absent court intervention.

13. Defendants have also made it clear through their conduct that, if they were served the complaint in this matter without also being served a TRO simultaneously, they are likely to go online and post about the lawsuit, defame plaintiff further, and incite more harassment against her.

14. Plaintiff reasonably feels she and her family are in danger and that she cannot even assert her legal rights without the protection of the court.

15. To date, Defendants continue in their campaigns. They most recently posted regarding this matter on July 22, 2025.

16. To date, Defendants' defamatory statements have collected over 1.5 million views, 100,000 likes, and have earned over $11,000 via a GoFundMe campaign that shares the defamatory statements.

17. Allowing defendants to continue to make these defamatory statements or discuss Plaintiff and/or her products online, will cause irreparable harm to her reputation, her business's reputation, as well as the mental and emotional well-being of her and her family.

18. Plaintiff relies on her notarized complaint, as well as the memo attached and the attached affidavit of Plaintiff along with the attached evidence to support her request for court protection.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this motion without a hearing.

Respectfully,

*/s Kursten Owen*

*Kursten Owen*

## Plaintiff's Memo in Support of Ex Parte Motion for Temporary Restraining Order

Plaintiff will suffer immediate and irreparable injury if Defendants Askew and Demone are not immediately enjoined from publishing or disseminating further false and defamatory statements and from inciting third parties to take punitive action against Plaintiff and her business. Plaintiff's reputation, business relations, and safety are in immediate jeopardy, and monetary damages alone cannot compensate for the ongoing harm as described above. Plaintiff therefore respectfully requests the Court issue a temporary restraining order, followed by a preliminary injunction, prohibiting Defendants from making further defamatory statements, engaging in harassing or misleading conduct or encouraging others to do so, as well as prohibiting them from keeping their current defamatory posts up and circulating, or allowing current defamatory posts to continue to be engaged with or viewed by the public. Posts that plaintiff feels should be addressed by the TRO are linked in the evidence below. Allowing these individuals to continue to assert these illogical, harassing, damaging, and unfounded claims will result in irreparable continued harm to my reputation and business and place my mental and physical health, as well as that of my family, whose information is actively being disclosed, in

immediate danger. I feel unsafe even serving defendants with the complaint absent a protective order from the court prohibiting them from continuing to post regarding this matter, given the complaint will give them new information about me including my address and phone number that they are likely to share publicly.

Basis

"The showing required for a temporary restraining order and a preliminary injunction are the same. A plaintiff seeking either "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." All. for Wild Rockies v. Higgins, 690 F. Supp. 3d 1177. All elements are met here because:

1. The plaintiff is likely to succeed on the merits for her defamation claims because it is defamation per se to accuse somebody of a crime they have not committed and defendants cannot reasonably say the accusation was an opinion. The statement is a clear accusation of illegal action. They also can't say they believed it was true because they were told about how it wasn't true in emails. They continued to spread the lie even after they were educated on the law and how it was/is impossible for plaintiff to be counterfeiting. They have also publicly admitted they have no IP rights, even though they keep throwing around different rights they say they have. None are valid rights that they could enforce right now, and I don't think they're ever going to be able to enforce them because these kinds of hair clips have been around

forever and I've even found actual patent applications like the attached one from 2010.

2. As stated, plaintiff will suffer irreparable harm absent court intervention because no amount of money can make up for the continued harm to plaintiff's reputation, the reputation of her business, her emotional damage, or her physical safety. People are sending me death threats and leaving bad reviews about my business and also sharing photos of me and my family and reporting my business to platforms based on this lie.

3. The balance is in plaintiff's favor because the TRO would only stop defendants from continuing to commit illegal defamation, so not granting the order would hurt me (see number 2) more than granting it would hurt them.

4. The public is benefited by the TRO because they are otherwise being misled about IP law and the status of products on the market.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this motion without a hearing.


 /s Kursten Owen
*Kursten Owen*