IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KURSTEN OWEN, individually and dba Elegance & Geekery LLC,  Plaintiffs,  v.  BREANA ASKEW, individually and dba Breromi; KIANDRIA DEMONE BOYCE; DOES 1-100,  Defendants. | Civ. No. 6:25-cv-01272-AA  **OPINION & ORDER** |

AIKEN, District Judge.

This case comes before the Court on Plaintiff's Emergency Motion to Redact Address and Contact Information From Public Records and Summons. ECF No. 9. The Motion is GRANTED in part and DENIED in part.

In the Motion, Plaintiff seeks to redact her home address and contact information from the Court's public filings and from the summons to be sent to Defendants based on the harassment and abuse Plaintiff has suffered in connection with the facts of this case.

Page 1 –OPINION & ORDER

Outside of certain categories of documents, such as grand jury transcripts, there is a strong presumption in favor of access to court records. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, Federal Rule of Civil Procedure 5.2 provides that, for good cause, the Court may require redactions or limit or prohibit nonparty remote electronic access to a document filed with the Court. Fed. R. Civ. P. 5.2(e).

Here, Plaintiff has provided evidence that she has been subjected to abusive and/or threatening messages from third parties in connection with the underlying facts of this case and the Court is satisfied that Plaintiff's concerns warrant limiting disclosure of her home address and contact information.

The Court will seal the Complaint and the other docket entries that contain Plaintiff's address. ECF Nos. 1, 3, 6. Plaintiff is ORDERED to submit a copy of the Complaint without Plaintiff's address and telephone number for public docketing.

The Court cannot order the redaction of Plaintiff's address on the service documents, as Defendants must have the ability to serve their own documents on Plaintiff and Plaintiff has not offered any alternative means for Defendants to serve Plaintiff. To the extent that Plaintiff is concerned that Defendants will publish her address from the service documents, the Court notes that the concurrently issued TRO forbids Defendants from engaging in harassing conduct directed at Plaintiff which would include the publication of Plaintiff's address for the purposes of harassment.

For the reasons set forth above, the Motion, ECF No. 9, is GRANTED in part and DENIED in part. Plaintiff is ORDERED to file a copy of the Complaint without her home address and phone number within 24 hours of this Order. Going forward, Plaintiff would be well-advised to secure and maintain an alternative address for service in this case.

It is so ORDERED and DATED this ___24th___ day of July 2025.

                                     /s/Ann Aiken
                                     ANN AIKEN
                                     United States District Judge