IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KURSTEN OWEN, individually and dba Elegance & Geekery LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>BREANA ASKEW, individually and dba Breromi; KIANDRA DEMONE BOYCE; DOES 1-100,<br><br>        Defendants. | Civ. No. 6:25-cv-01272-AA<br><br>**OPINION & ORDER** |

AIKEN, District Judge.

This case comes before the Court on Plaintiff's Emergency Motion for Alternative Service. ECF No. 13. On July 24, 2025, the Court granted an ex parte TRO in this case and ordered Plaintiff to serve Defendants with the Complaint, the TRO, and other pertinent filings and to file proof of service within seven days. ECF No. 10. A preliminary injunction hearing is scheduled for August 6, 2025.

In her motion, Plaintiff affirms that she has been able to successfully serve Defendant Boyce but that, despite repeated efforts, Plaintiff has been unable to serve Defendant Askew. Plaintiff has included exhibits demonstrating multiple attempts to locate and serve Askew via process server between July 25 and July 28, 2025. Plaintiff believes that Askew is evading service. Plaintiff seeks leave to serve Askew

by email at breromiofficial@gmail.com, an email address previously used by Askew to send Plaintiff a cease-and-desist letter on July 14, 2025. Compl. Ex. 1.

The Federal Rules of Civil Procedure authorize four methods of service on an individual:

(1) Following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) Doing any of the following:

(A) Delivering a copy of the summons and the complaint to the individual personally;

(B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under state law, the Oregon Rules of Civil Procedure provide that:

Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . . Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at the person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

Or. R. Civ. P. 7(D)(1).

Oregon law provides for alternative service "[w]hen it appears that service is not possible under any method otherwise specified in these rules or other rule or statute." Or. R. Civ. P. 7(D)(6). Such alternatives include service by email. Or. R. Civ. P. 7(D)(6)(b).

Here, the Court concludes that Plaintiff has made diligent efforts to effect conventional service on Askew without success. The Court is also cognizant of the compressed timeline of the case and the upcoming preliminary injunction hearing. The Court notes that Askew has recently communicated with Plaintiff by email using the address breromiofficial@gmail.com and concludes that service by email at that address is reasonably calculated to apprise Askew of the pendency of this action and to provide a reasonable opportunity to appear and defend.

The Court will therefore GRANT Plaintiff's Motion for Alternative Service, ECF No. 13. Plaintiff is to promptly serve Defendant Askew by email at breromiofficial@gmail.com and furnish proof of service by the previously established deadline. However, as Plaintiff is pro se, the Court will caution her that, as a party to this action, she is not permitted to be the one to serve Defendant Askew with the summons and complaint. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)).

It is so ORDERED and DATED this ___30th___ day of July 2025.

                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge