**In the United States District Court for the District of Oregon**

| | |
|---|---|
| Kursten Owen (individually and d/b/a Elegance & Geekery LLC), Plaintiff, | : : : : |
| v. | : |
| Breana Askew (individually and d/b/a Breromi), Kiandria Demone Boyce, and Does 1-100, | : : : |
| Defendants. | : |

PLAINTIFF'S OPPOSITION TO DEFENDANT BOYCE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND OBJECTION TO SERVICE

Case No: 6:25-cv-01272-AA

------------------------------------------------

**PLAINTIFF'S OPPOSITION TO DEFENDANT BOYCE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND OBJECTION TO SERVICE**

Plaintiff Kursten Owen respectfully submits this opposition to Defendant Kiandria Demone Boyce's Motion to Dismiss for Lack of Personal Jurisdiction and her Objection to Service of Process.

**In the United States District Court for the District of Oregon**

| | |
|---|---|
| Kursten Owen (individually and d/b/a Elegance & Geekery LLC), Plaintiff, | : : : |
| v. | : |
| Breana Askew (individually and d/b/a Breromi), Kiandria Demone Boyce, and Does 1-100, | : : : |
| Defendants. | : |

PLAINTIFF'S OPPOSITION TO DEFENDANT BOYCE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND OBJECTION TO SERVICE

Case No: 6:25-cv-01272-AA

---------------------------------------------

**Plaintiff's Memo in Support of Opposition to Defendant Boyce's Motion to Dismiss, and Objection to Service**

**Personal Jurisdiction**

This Court has specific personal jurisdiction over Defendant Boyce under the "effects test" set forth in Calder v. Jones, 465 U.S. 783 (1984) ("petitioners are subject to jurisdiction… because of their intentional conduct in the forum calculated to cause injury there"). The Ninth Circuit has stated that this test requires (1) an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124: "We apply the effects test where the defendant allegedly engaged in wrongful conduct targeted at

a plaintiff whom the defendant knows to be a resident of the forum state." Defendants' intentional online campaign was expressly aimed at Plaintiff's business, which is registered and operated in Oregon, as shown by public records and business profiles on Amazon, Etsy, eBay, Bizapedia, and Plaintiff's own website.

Critically, Defendant Boyce shared a screenshot of Plaintiff's LinkedIn profile visibly listing Oregon as Plaintiff's location, and another supporter posted Plaintiff's full Oregon business address online. These facts satisfy the "express aiming" prong—as the Ninth Circuit said in Dole Food Co. v. Watts, 303 F.3d 1104, "Express aiming is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state."

It is also irrelevant whether Defendant directly admits knowledge; objective facts and reasonable inferences from the content of the posts and the business's public presence control per Dole Food, which confirms: "Even if the defendant does not expressly state knowledge, purposeful direction may be inferred from circumstantial evidence, such as the content of online posts." Further, "the defendant's knowledge of the forum connection need not be demonstrated by direct evidence…and can be inferred from readily ascertainable public sources." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218. The clear available public record showing the location of both Plaintiff and her business, as well as the Defendant herself posting a screenshot of information showing Plaintiff's Oregon location, and her continued targeting of Plaintiff and her Oregon business is sufficient for

"express aiming" to exist. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, also recognizes that "the minimum contacts test is satisfied where the defendant's conduct, as objectively demonstrated, creates a substantial connection with the forum state." Defendant created a substantial connection with Oregon when she sought to disrupt an Oregon business.

The "foreseeable harm" prong is further established, as Plaintiff's reputational and economic harm was centered fully in Oregon; the Ninth Circuit states that "the suffering of economic and reputational injury by a forum-resident business is sufficient to establish jurisdiction under Calder." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199.

Defendant Boyce, through public online postings, targeted Plaintiff's business and reputation as owner of Elegance & Geekery LLC, which is registered and operated in Albany, Oregon. Defendant distributed a screenshot online showing Plaintiff's location as "Albany, Oregon." Multiple business platforms—Amazon, Etsy, eBay, and Bizapedia—publicly list Plaintiff's business as based in Albany, Oregon. Ninth Circuit law holds that "where a defendant is alleged to have engaged in wrongful conduct via the internet, the defendant's knowledge of the plaintiff's forum connections—especially if publicly available—can support purposeful direction." (Brayton Purcell, 606 F.3d 1129).

Defendant's claim that she was unaware of Plaintiff's location cannot withstand scrutiny in light of the attached exhibits and established law including Mavrix Photo, 647 F.3d 1229 ("the defendant's knowledge of the forum connection need not

be demonstrated by direct evidence… and can be inferred from readily ascertainable public sources"). In this case, a nonparty even broadcast Plaintiff's full registered Oregon business address on social media, further establishing both constructive and actual knowledge. Based on all of this, there is clear, sufficient evidence to find this court has personal jurisdiction over Defendant Boyce.

**In the Alternative, Transfer is Appropriate**

Should the Court somehow find that jurisdiction is lacking, Plaintiff requests transfer, not dismissal, under 28 U.S.C. § 1406(a) in the interest of justice and judicial efficiency.

**Objection to Service**

Defendant Demone's filings now contain repeated, knowing misrepresentations concerning service of process. In her affidavit and objections (ECF Nos. 24–25), Defendant states, "I first became aware that someone may have been attempting to serve me after a third party mentioned that a man had claimed he was trying to deliver court documents," and that "there was never any process server who attempted to serve me or leave any documents at my residence." These statements are categorically false and intentionally omit the substantial encounter between Defendant and the process server during which service was effected in accordance with the law. While it is true that Defendant Demone did not answer her front door to my process server, she omits the fact that she then followed him outside as he was leaving the building, likely to be out of view of her ring camera.

During this face to face interaction, the process server presented the court documents for service to her, she looked at them, stated "I think you've got the wrong person," and the process server served her via drop service, stating "okay, you've been served," and dropping the documents at her feet before informing her that he had captured the encounter on video.

Plaintiff possesses this contemporaneous video and is able to file it with the court as needed, and here submits sequential photographic stills from the video as well as a time-stamped text message sent by the process server at 3:43 on July 25, 2025, sharing the video he took. The text containing the video is sent from his business phone number—the same number posted on his sworn proof of service filed with the Court. The time-stamped text message, from the process server's number as verified in his proof of service document, contains the video evidence showing Defendant Boyce outside her building, being shown the documents, refusing service, being informed by the server that service was being completed, and the documents being placed directly at her feet according to proper drop service procedure. This text evidence, photo stills evidence, and video incontrovertibly establish that Defendant had direct, face-to-face contact with the process server, was apprised of the nature of the documents, and was lawfully served. The process server's own affidavit, combined with Plaintiff's attached evidence, makes any "lack of notice" claim not merely mistaken but knowingly deceptive.

Moreover, Defendant's further sworn assertion, "I posted one video and have not commented publicly since that time," is expressly refuted by the factual record

already filed with the Court, which includes multiple other social posts and videos by Defendant Demone relating to Plaintiff in the period following the initial video. Likewise, the claim that "I do not reliably receive mail at the studio address" is refuted by an attached photo documenting Amazon packages addressed to the Defendant, present at her door at the very time of service; this undercuts any claim that the studio is not a reliable place for delivery.

The integrity of these proceedings depends upon truthful filings. Defendant's repeated denials of any encounter with the process server, now refuted by a contemporaneous, time-stamped text record, photographic and video evidence, and the process server's affidavit, constitute knowing, material falsehoods made to obstruct a core procedural requirement of the litigation. Any claim that these statements were inadvertent or confused strain credulity in the face of this documentary chain.

This case was initiated precisely because of the harm caused by Defendant Demone's knowing misrepresentations made publicly online—false statements that have already resulted in reputational injury, emotional distress, and business losses for Plaintiff. That same pattern of disregard for the truth has now been brought into the judicial process itself, where it cannot be excused. Defendant Demone knowingly submitted sworn falsehoods to this Court—proven false by independent evidence—and this is not a casual misstep, but a continuation of the very conduct that gave rise to this action.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. DENY Defendant Kiandria Demone Boyce's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 23), as specific personal jurisdiction exists based on Defendant's intentional conduct purposefully directed at Plaintiff's Oregon-based business;

2. OVERRULE Defendant's Objection to Service (ECF No. 24) based on conclusive evidence—including video, still photographs, and process server documentation—of valid service completed on July 25, 2025;

3. In the alternative, should personal jurisdiction be found lacking, TRANSFER this action to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1406(a); and

4. GRANT such other and further relief as this Court deems just and proper in light of the record and evidence.

**Declaration**

I, Kursten Owen, declare under penalty of perjury pursuant to that the above is true and correct to the best of my knowledge and belief, and that all of the attached exhibits are true and correct copies.

Dated:  August 6, 2025

*Kursten Owen*

*s/ Kursten Owen*

Kursten Owen