# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

**Kursten Owen, individually and d/b/a Elegance & Geekery LLC,**
 Plaintiff,

v.

**Breana Askew (individually and d/b/a Breromi),**
 Defendant.

Case No. 6:25-cv-01292-AA

---

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
Breana Askew, Defendant Pro Se

## I. Defendant Complied With Meet and Confer Requirement
 Plaintiff inaccurately asserts that Defendant "continues" to fail to meet and confer. This is Defendant's first written motion in this case, not a repeated practice. Prior to filing, Defendant emailed Plaintiff's counsel on August 16, 2025, to notify him of her intent to seek an extension of time. See Exhibit A.
 Defendant believed this satisfied LR 7-1 and acted in good faith by providing notice before filing. Plaintiff's counsel never responded to Defendant's email, leaving no opportunity to further confer. To the extent the Court determines that the email did not constitute full conferral because it did not expressly invite discussion, Defendant respectfully requests the Court excuse any technical deficiency given her pro se status and her genuine attempt to comply with the rule.
 As a pro se litigant, Defendant has made every effort to follow the Court's rules in good faith. The Certification of Conferral filed with the motion was accurate: Defendant reached out prior to filing, but Plaintiff's counsel did not reply. Defendant therefore complied with the spirit, and to the extent possible, the letter of LR 7-1. The failure to confer rests with Plaintiff's counsel's nonresponse, not with Defendant.

---

## II. Defendant Did Not Avoid Service and Preserves Her Objection
 Plaintiff inaccurately asserts that Defendant "continues" to deny sufficiency of service. This is Defendant's first written motion in this case. The only prior discussion of service occurred orally at a hearing. Defendant recognizes that the Court has already addressed service in that limited

context, but she respectfully preserves her objection for the record and does not waive the defense.

Defendant did not intentionally avoid service. Plaintiff never attempted service at Defendant's correct physical mailing address. The only known in-person attempts occurred at Defendant's parents' residence, where Defendant does not live. Defendant's brother, who has a disability and cannot leave the home due to lack of transportation, explained to the process server that he did not know Defendant's residence.

Plaintiff implied that Defendant was avoiding service and relied on this claim to obtain permission for email service from the Court. That implication is inaccurate. The reality is simpler: Plaintiff did not attempt service at Defendant's correct address. Defendant raises this to ensure the record is accurate and to preserve her right to due process.

---

### III. Defendant's Efforts to Mediate Were in Good Faith

Defendant also made efforts to mediate this dispute outside of litigation, in an attempt to reduce conflict. Defendant acted in good faith during those discussions, but Plaintiff's approach prevented meaningful progress. While the specific communications are not included here because they were intended to remain private, Defendant notes these efforts to demonstrate that she has consistently attempted to resolve matters reasonably before resorting to the Court.

---

### IV. Third-Party Engagement Is the Primary Driver of Public Attention

Plaintiff attempts to portray Defendant as actively encouraging negative engagement. This is incorrect. The primary engagement on this issue comes from third parties who are not parties to this case, many of whom independently created and circulated videos about the dispute. Collectively, those videos have reached over 3 million views.

Defendant has never asked, instructed, or told anyone to make videos about Plaintiff or this dispute. To the extent Defendant has spoken publicly, her statements were directed at Plaintiff's business and its public-facing representative, not at Plaintiff personally. This distinction is critical: Defendant's speech addressed a commercial brand and its marketing presence, not Plaintiff as an individual.

Defendant has no control over what independent third parties choose to post online, and she should not be held responsible for their independent conduct. Holding her responsible for third-party actions would be unfair, unjust, and wholly unreasonable.

Meanwhile, Plaintiff's own accounts continue to host videos spreading misinformation about Defendant's invention, which damages Defendant's reputation and risks harming her patent process and credibility as an inventor. Even if this case were to conclude tomorrow, those third-party videos would remain active and continue generating public discussion completely outside of Defendant's control.

Finally, whether Plaintiff's TikTok account is suspended is solely determined by TikTok based on its own enforcement policies, not by the public's perception or by anything Defendant has done, as she is not actively telling the public to report anything.

### V. Plaintiff Has Not Proven Falsity

Plaintiff incorrectly suggests that Defendant made "false statements" about Plaintiff personally. Defendant's statements, however, were about the company and its public-facing representative, not Plaintiff as an individual. The majority of the online videos and commentary were created independently by third parties, over whom Defendant has no control.

Plaintiff has not identified any specific statement by Defendant that is provably false. Instead, she relies on conclusory assertions and even included irrelevant materials with the original Complaint, such as an abandoned patent application, to argue that Defendant's invention was not original. Defendant's patent application remains pending before the United States Patent and Trademark Office, and the inclusion of an unrelated abandoned filing does not establish falsity.

This approach risks confusing the record in the same way Plaintiff's company's social media posts misled the public about Defendant's invention. Just as those posts attempted to shape a misleading narrative, Plaintiff's pleadings similarly conflate opinion with fact and ask the Court to accept claims of falsity without proof. Such tactics should be carefully scrutinized.

### VI. Defendant's Position as a Sole-Operated Small Business and Right to Due Process

Defendant is a sole-operated small business owner with limited resources compared to Plaintiff. She has consistently acted in good faith, sought to comply with the Court's rules, and preserved defenses appropriately. Defendant respectfully emphasizes that the purpose of this requested extension is to secure Oregon-licensed counsel. She is actively seeking representation but has not yet retained counsel, and therefore continues to appear pro se in the interim.

Denying additional time would unfairly prejudice Defendant by depriving her of a meaningful opportunity to obtain proper legal representation and present her case fully. Defendant is navigating this process without prior legal experience, and to deny her that opportunity would effectively strip away her right to due process.

### VII. Conclusion

For these reasons, and those stated in Defendant's motion, the Court should grant Defendant's Motion for Extension of Time. Granting this modest extension will promote fairness, ensure both parties can be fully heard, and uphold the integrity of the proceedings.

Respectfully submitted,
**Breana Askew**
Defendant, Pro Se
P.O. BOX 1067
Hiram, GA 30141
4049441522
shop@breromi.com

Exhibit A:

