UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**KURSTEN OWEN, an individual, and
ELEGANCE & GEEKERY LLC,**
   *Plaintiffs,*

v.

**BREANA ASKEW, an individual, and
KIANDRIA DEMONE BOYCE, an individual,**
   *Defendants.*

Case No. 6:25-cv-01292-AA

# NOTICE OF CONCERN AND REQUEST FOR CLARIFICATION OF TEMPORARY RESTRAINING ORDER

## Certification Regarding Conferral

Defendants certify pursuant to LR 7-1 that this filing is a Notice, not a Motion, and therefore does not require conferral. Nevertheless, Defendants note that direct conferral with Plaintiff is not practicable and is not safe in good faith, given Plaintiff's prior conduct and the risk that any attempted communication could be mischaracterized as a violation of the TRO.

Defendants Breana Askew and Kiandria Demone Boyce, appearing pro se, respectfully submit this Notice concerning the Temporary Restraining Order ("TRO") currently in effect, pursuant to the Court's inherent authority to supervise and clarify its orders.

## Commitment to Compliance

Defendants remain committed to full compliance with the Court's instructions. However, Plaintiff appears to be misusing the TRO as a tool of surveillance, intimidation, and public shaming, rather than as protection against specific alleged harms. Since its entry, Plaintiff has repeatedly

attempted to characterize ordinary speech as violations of the TRO, creating uncertainty regarding its scope and imposing a chilling effect on Defendants' ability to speak at all.
 See *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 183–84 (1968) (restraining orders must not be vague or overbroad so as to chill lawful speech).

---

## Plaintiff's Online Conduct

Burner accounts have circulated the case number, urging the public to "look at the facts" and claiming that the Court is already "on Plaintiff's side." While Defendants cannot conclusively confirm Plaintiff operates these accounts, the content and timing strongly suggest a connection and appear intended to encourage an audience to monitor Defendants and prejudge this case in Plaintiff's favor. (See Exhibit A)

Neither Defendant has publicized the case number online. Yet these burner posts rely solely on Plaintiff's complaint and the TRO—which reflect only one side of the story—and mislead the public by suggesting the Court has already reached a conclusion.

Some posts go further, making disparaging remarks about Defendant Askew's pace of product releases and offering "shady" commentary about her work. (See Exhibit B)

As a result, Defendants have been subjected to online bullying and disparagement, while the case itself is being weaponized against them. This conduct intimidates Defendants and creates a false public perception that undermines the fairness of these proceedings. Defendant Askew, in particular, has remained silent but has been collecting evidence of these posts for the Court's review. (See Exhibit B)
 Cf. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

---

## Conferral Difficulties

Defendants note that conferral is difficult because of Plaintiff's hostility. Given the TRO's scope and Plaintiff's past conduct, meaningful communication without counsel is not safe or practicable in good faith.

---

## Individual Burdens

Defendant Breana Askew is a woman and small business owner attempting to maintain her livelihood while carrying the heavy burden of this litigation. The misuse of the TRO has left her afraid to speak publicly, forced to suffer in silence, and struggling under a process that feels less like protection and more like harassment. The stress of this litigation has already interfered with

her business, forcing her to delay a planned product release. She could not even tell her customers or community that the delay was caused by this case, out of fear that any mention of the litigation would be twisted as a violation of the TRO. (Exhibit C)

Co-Defendant Kiandria Demone Boyce is a mother and civil rights activist. She has been particularly burdened by Plaintiff's expansive use of the TRO as a tool of intimidation and abuse of process rather than genuine protection. For example, in a public post attached as Exhibit D, she expressed that someone was monitoring her social media and twisting her words in an attempt to have her arrested, leaving her feeling bullied and unsafe.

Although Defendants have remained largely silent out of fear their words will be twisted into alleged violations, they have observed Plaintiff's continued monitoring and attempts to use the TRO against lawful speech.
 See *United States v. Wunsch*, 84 F.3d 1110, 1116 (9th Cir. 1996) (orders cannot be misused as tools of harassment).

---

## Misuse of Monitoring

Defendants understand Plaintiff may argue she must "monitor" Defendants to ensure compliance with the TRO. However, her conduct goes far beyond lawful observation. By actively seeking out content and then mischaracterizing ordinary or unrelated speech as violations, Plaintiff is weaponizing the TRO as a tool of control rather than as a means of protection. The purpose of a TRO is to prevent alleged harassment, not to enable constant surveillance or to chill lawful speech. (Exhibit D)
 See *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (injunctions restricting speech must be narrowly tailored and cannot unnecessarily infringe on lawful expression).

---

## Request for Clarification

Defendants respectfully request that the Court clarify the scope of the TRO to ensure:

1. That Defendants have clear notice of their obligations (*Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (orders must be clear and unambiguous so parties may conform their conduct));

2. That ordinary speech or unrelated commentary cannot be twisted into alleged violations;

3. That Plaintiff cannot misrepresent the TRO or this Court's authority to the public as proof of victory; and

4. That the TRO is not applied as an instrument of harassment or coercion (*Wunsch*, 84 F.3d at 1116).

---

## Conclusion

This Notice is not a motion to dissolve or modify the TRO, but solely a request for clarification and guidance so that Defendants may comply fully and in good faith with the Court's instructions. Defendants further emphasize that Plaintiff's conduct has created genuine fear and uncertainty, making it difficult for them to exercise their rights without risk of mischaracterization.

**Jurisdiction Reservation**
Defendants submit this Notice solely for the purpose of clarifying their obligations under the TRO. Defendant Askew, in particular, expressly reserves all defenses, including lack of personal jurisdiction and insufficient service of process, and does not waive those defenses by filing this Notice.

---

**Respectfully submitted this 25th day of August, 2025.**

/s/ Breana Askew
 Breana Askew
 Defendant, pro se

/s/ Kiandria Demone Boyce
 Kiandria Demone Boyce
 Defendant, pro se