**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

---

**KURSTEN OWEN, an individual, and**
**ELEGANCE & GEEKERY LLC,**
   *Plaintiffs,*

v.

**BREANA ASKEW, an individual, and**
**KIANDRIA DEMONE BOYCE, an individual,**
   *Defendants.*

Case No. 6:25-cv-01292-AA

---

# NOTICE REGARDING IMPROPER FILING OF CONFIDENTIAL MEDIATION MATERIALS AND RENEWED CONCERN OVER CONFERRAL SAFETY

---

**Certification Regarding Conferral**
 Defendant certifies pursuant to LR 7-1 that this filing is a Notice, not a Motion, and therefore does not require conferral. Nevertheless, Defendant emphasizes that direct conferral with Plaintiff does not feel safe or practicable, given Plaintiff's prior conduct, including the public filing of confidential mediation communications. Defendant would feel more comfortable attempting conferral once Plaintiff has obtained counsel, so that communications can occur through attorneys rather than directly.

---

**Notice**
 Defendant Breana Askew, appearing pro se, respectfully brings to the Court's attention that Plaintiff has filed pages of confidential mediation and settlement communications into the public record in this matter. Mediation-related communications are protected by Federal Rule of Evidence 408 and by Oregon law (ORS 36.220–36.222) and should not be disclosed or used in this manner.

The inclusion of such materials not only raises concerns of impropriety, it further underscores why direct conferral with Plaintiff is unsafe and impracticable. If Plaintiff is willing to disregard the confidentiality of mediation, Defendant cannot reasonably trust that any private communications would be respected or used in good faith.

Plaintiff also appears to be using the TRO as a tool of vengeance. She has made exaggerated and unrelated claims about Co-Defendant Boyce, a civil rights activist, and even included evidence of Boyce calling out racism in America, framing it as if Boyce were personally attacking Plaintiff. Such conduct illustrates exactly why Defendant Askew feels unsafe speaking to Plaintiff. Defendants are being constantly watched and monitored, with every word scrutinized for potential use against them to support exaggerated claims or threats of arrest.

Plaintiff's decision to file private mediation emails into the public record (Doc. 58-1) underscores this problem. This misuse of confidential mediation communications is the very reason Defendant Askew cannot safely attempt direct conferral with Plaintiff. Defendant is also left uncertain as to the scope of this case, given Plaintiff's attempt to escalate matters beyond the claims at issue.

This misuse of confidential materials reinforces the concerns already expressed in Defendant's prior Notice of Concern and Request for Clarification of TRO, and further demonstrates that meaningful conferral is not realistic under the current circumstances.

---

### Respectful Request
Defendant respectfully requests that the Court take any action it deems appropriate to protect confidential mediation communications from disclosure, including striking Doc. 58-1 from the public record if necessary.

---

### Jurisdiction Reservation
Defendant submits this Notice solely to protect her rights and alert the Court to the improper filing of confidential mediation materials. Defendant expressly reserves all defenses, including lack of personal jurisdiction and insufficient service of process, and does not waive those defenses by filing this Notice.

---

**Respectfully submitted this 25th day of August, 2025.**

/s/ Breana Askew
Breana Askew
Defendant, pro se