# UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
 EUGENE DIVISION

**Kursten Owen, individually and d/b/a Elegance & Geekery LLC,**
 Plaintiff,

v.

**Breana Askew (individually and d/b/a Breromi),**
 **Kiandria Demone Boyce, and Does 1-100,**
 Defendants.

Case No. 6:25-cv-1292-AA

## DEFENDANTS' MOTION TO REQUIRE ALTERNATE SERVICE AND CONFERRAL

Defendants, appearing pro se, respectfully move this Court for an order requiring Plaintiff to use reliable, verifiable methods for both service of documents and pre-motion conferral. Plaintiff has attempted to rely on direct email and email tracking software to claim conferral and service. Email is neither required under the Local Rules nor a presumptively valid method of service under Federal Rule of Civil Procedure 5(b)(2). For the reasons set forth below, Defendants request that Plaintiff be directed to conduct all future service and conferral only through CM/ECF or by U.S. Mail.

### LR 7-1(a) Certification

Pursuant to LR 7-1(a), Defendants certify that conferral with Plaintiff is not possible for compelling reasons. Plaintiff has repeatedly mischaracterized constitutionally protected speech as threats or hostility, and has attempted to use unreliable email tracking to present misleading claims of conferral. These practices create an unsafe and unreasonable environment for direct communication. Until counsel is obtained or the Court provides further direction, Defendants do not feel safe conferring with Plaintiff without risk of further false accusations.

## Motion

**1.** Plaintiff has attempted to rely on email tracking and screenshots to claim that Defendant Boyce opened and ignored communications. Defendant Boyce denies these claims and provides a declaration with supporting evidence.

**2.** Plaintiff's reliance on disputed and potentially inaccurate email tracking systems raises serious concerns regarding the reliability and verifiability of email as a method of service or conferral in this matter.

**3.** Continued reliance on this method risks ongoing disputes about whether service or conferral has been effective, while exposing Defendants to further mischaracterizations.

**3A.** Plaintiff has insisted on attempting conferral solely by email. Local Rule 7-1(a)(1) requires parties to confer in good faith, but it does not require that conferral occur by email. Conferral may occur by any reasonable method that allows parties to attempt resolution. By choosing email and attaching a tracking device to claim Defendant Boyce "opened" her message, Plaintiff has turned the conferral requirement into a tool for further misrepresentation. Defendants respectfully submit that notice of conferral by CM/ECF filing or certified U.S. Mail is more appropriate, reliable, and consistent with the rule.

**3B.** Defendants further request that the Court prohibit Plaintiff from using direct email as a means of conferral. Instead, Plaintiff should be required to request conferral only by (a) filing a Notice of Conferral Attempt through the Court's CM/ECF system, or (b) sending a written request via certified U.S. Mail with proof of mailing. This ensures conferral requests are verifiable, reliable, and not subject to manipulation.

**3C.** Defendants do not feel comfortable conferring directly with Plaintiff because of her repeated mischaracterizations and misuse of prior conferral attempts. Defendants are actively seeking counsel and intend to confer through counsel once representation is obtained. Until that time, Defendants respectfully request that the Court waive the direct conferral requirement under LR 7-1(a)(1) or, in the alternative, limit conferral to written notices through CM/ECF or certified mail.

**4.** Service of documents is governed by Federal Rule of Civil Procedure 5(b)(2). That rule permits service by filing through CM/ECF, by mail, or by other consented methods. It does not permit unilateral service by direct email unless the recipient has consented in writing. Defendants have not consented to email service, and Plaintiff's reliance on it has already caused disputes.

**5.** Federal Rule of Civil Procedure 5(b)(2)(E) and (F) expressly authorize service by the Court's electronic filing system and by mail. Direct email service is not required under the rules.

**5A.** Local Rule 5-1 confirms that service in this District is properly made through the Court's CM/ECF system for registered users, or by traditional means such as U.S. Mail. Neither the Federal Rules nor the Local Rules authorize a party to unilaterally impose service by personal email absent consent. Defendant Boyce has not consented to such service, and Defendant

Askew likewise reserves her right to be served only by reliable, verifiable methods recognized by the Rules.

**6.** Defendants also note that this Court has not yet ruled on Defendant Boyce's objection to personal jurisdiction, but has nonetheless allowed the case to proceed on the basis that digital service and communication options were available. Plaintiff's reliance on email tracking software as alleged proof of conferral underscores the due process concerns raised by such reliance on digital mechanisms. Virtual communication tools can be unreliable, subject to manipulation, and prejudicial when used as evidence. This is precisely why Defendant Boyce objected to jurisdiction being premised on digital interactions. To ensure fairness, the Court should require service methods that are verifiable and not vulnerable to manipulation.

**7.** Defendants further note that when Defendant Askew previously attempted to avoid unsafe direct contact by reaching out to Plaintiff's attorney instead of Plaintiff herself, Plaintiff objected and argued that Askew had failed to initiate conferral with her personally. This dispute illustrates why requesting to confer through email is not a reliable or fair method in this case. Even when Defendant Askew took reasonable steps to confer through safer, more professional channels, Plaintiff rejected those efforts and insisted on direct email contact. Such demands create unnecessary risk and further disputes about whether conferral has been satisfied. Moreover, Plaintiff's reliance on email tracking to claim that an email was "opened" when Defendants can show it was not raises serious due process concerns. It is unfair for Plaintiff to insist on personal email communication while using unreliable tools that can misrepresent facts, and then seek Court orders that would affect Defendants' rights based on those misrepresentations. Insisting on email conferral under these circumstances allows Plaintiff to create disputed "evidence" of conferral where none occurred, which undermines Defendants' ability to fairly present their arguments and threatens their right to due process.

---

## WHEREFORE

Defendants respectfully request that the Court grant this Motion and require Plaintiff to conduct all future service of filings, correspondence, and conferral attempts only through CM/ECF or by U.S. Mail, and not by direct email or any other unverifiable electronic method, and for such other relief as the Court deems just and proper.

---

Respectfully submitted,

Dated: August 26, 2025

/s/ Kiandria Demone Boyce
Defendant, Pro Se
1246 Roswell Rd. #108

Marietta, GA 30062
404-957-9984
kboyce6977@gmail.com

/s/ Breana Askew
Defendant, Pro Se
P.O. box 1067

Hiram GA 31041-1067
4049441522
shop@breromi.com