# In the United States District Court for the District of Oregon

| | |
|---|---|
| Kursten Owen (individually and d/b/a Elegance & Geekery LLC), Plaintiff, | |
| v. | **Response in Opposition to Require Alternate Service and Conferral** |
| Breana Askew (individually and d/b/a Breromi), Kiandria Demone Boyce, and Does 1-100, | Case No.: 6:25-cv-01272-AA |
| Defendants. | |

---

**Response in Opposition to Require Alternate Service and Conferral**

Plaintiff notes the high volume of filings by Defendants in the past 48 hours and, recognizing the burden on both the Court and Plaintiff, respectfully submits this brief response to preserve objections to Defendants' motion for alternative service and conferral:

1. Defendants continue to disregard their obligation to meet and confer as required by the Federal Rules, Local Rules, and emphasized by the Court. Plaintiff has sent one email to Defendant Boyce and has responded in two email chains from Defendant Askew. All communications are on the record and demonstrate Plaintiff's

professionalism and lack of hostility. Defendants have provided no evidence supporting allegations of hostility or intimidation.

2. Plaintiff's conduct, as documented, does not warrant Defendants' wilful refusal to meet and confer or excuse violations of the Court's preliminary injunction.

3. Plaintiff reaffirms that passive monitoring for compliance with court orders is lawful and not intended as intimidation. Plaintiff's monitoring has solely resulted in authorized motions addressing compliance issues, including the pending motion before the Court.

4. The only "threat" involved is Plaintiff's legitimate pursuit of her legal rights via court actions. Defendants' assertion that such lawful claims amount to intimidation lacks merit and does not justify limiting Plaintiff's ability to vindicate her rights.

5. Defendant Askew's email meet and confer was inadequate both because it was sent to an email not listed on the docket and to an individual who had yet to be confirmed as appointed counsel for Plaintiff and because it was not a good faith effort to resolve the issue outside of court, but rather a simple "notice" of intent to file a motion.

6. The reliability of email tracking, coupled with Defendant Boyce's social media post referencing "monitoring" approximately 12 minutes after the tracked email opening, strongly supports that Defendant Boyce received and was aware of the email. Further, whether or not Defendant Boyce opened the email isn't meaningful—she either willfully ignored a request to meet and confer by ignoring

an email she has admitted to awareness of in her inbox by not opening it, or she opened it and read it and willfully chose not to respond. Whether she knowingly ignored it as she claims or opened it and manually tagged it as unopened again for court filings, Plaintiff has complied with meet and confer requirements.

7. Plaintiff's submission of mediation correspondence with Defendant Askew is, as she noted in her motion, solely to rebut false claims of hostility and is permissible under Federal Rule of Evidence 408. Such use does not seek to prove liability or damages.

8. Defendants' filings styled as "notices" seeking relief are motions requiring court action and should be treated accordingly.

9. The Court has ruled that all Defendants were properly served.

10. Meet and confer obligations are procedural and not subject to service requirements.

11. The Court has ruled that it has personal jurisdiction over all Defendants.

12. Plaintiff respectfully suggests that court-ordered mediation may be necessary to facilitate reasonable resolution, given Defendants' current litigation approach.

Plaintiff therefore requests that the Court deny Defendants' motion to require alternate service and conferral.

**Declaration**

I, Kursten Owen, declare under penalty of perjury pursuant to the laws of the United States and Oregon that the above is true and correct to the best of my knowledge.

Dated: 8/26/2025

/s/ Kursten Owen

Kursten Owen