IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KURSTEN OWEN, individually and dba
Elegance & Geekery LLC,

        Plaintiff,

v.         Civ. No. 6:25-cv-01272-AA

BREANA ASKEW, individually and
dba Breromi;
KIANDRIA DEMONE BOYCE;
and DOES 1–100,

        Defendants.

## EMERGENCY MOTION TO REDACT PERSONAL INFORMATION AND SEAL UNREDACTED FILINGS

Defendant Kiandria Demone Boyce, appearing pro se, hereby moves this Court on an emergency basis for an order: (1) sealing or restricting access to all filings that contain her unredacted personal information, including but not limited to her home address, telephone number, email address, and financial account numbers; (2) permitting the filing of redacted versions of these documents pursuant to Federal Rule of Civil Procedure 5.2; (3) directing the Clerk of Court to implement appropriate measures to protect Defendant's personal information in all future filings; and (4) granting such other relief as the Court deems just and proper. This motion is based on the following memorandum of law, the accompanying declaration, and the complete record in this case.

**Reservation of Rights:** Defendant acknowledges that this Court has ruled on the issue of personal jurisdiction in its prior orders. Defendant respectfully disagrees with that determination and maintains her objection to the Court's exercise of jurisdiction over her. This motion is submitted solely to protect Defendant's safety, privacy, and constitutional rights in the interim. Nothing in this filing should be construed as abandoning or waiving Defendant's previously asserted jurisdictional objections, which are preserved for appeal.

## I. LR 7-1(a) CERTIFICATION REGARDING CONFERRAL

I, Kiandria Demone Boyce, hereby certify that conferral with Plaintiff regarding this motion is not possible under the circumstances. Plaintiff has repeatedly made false accusations that I have threatened her, creating a hostile relationship that makes direct communication unsafe and unreasonable. Given these safety concerns, conferral is excused. Furthermore, the emergency nature of this motion—addressing immediate safety concerns arising from the public disclosure of my personal information—warrants proceeding without conferral. Attempting conferral under these circumstances would only exacerbate the safety concerns that this motion seeks to address.

## II. EMERGENCY BASIS AND IMMEDIATE HARM

Attached as **Exhibit A** is a screenshot of a text exchange confirming that an individual located my personal phone number through the public docket on CourtListener and contacted me directly as a result. This demonstrates not only that my unredacted information is publicly accessible, but also that third parties are actively using it to reach me. This evidence underscores the immediacy of the threat and shows that the harm here is not speculative but ongoing.

This motion requires emergency consideration because the continued public availability of my personal identifying information poses an immediate and substantial risk to my personal safety

and security. Federal Rule of Civil Procedure 5.2(a) explicitly requires that certain personal identifiers, including home addresses and telephone numbers, not be disclosed in publicly accessible court filings. Despite this rule, my personal information currently appears unredacted in the public court record.

The disclosure of my personal information has already resulted in direct, unwanted contact by third parties who obtained my contact information from the court record. Specifically, on September 10, 2025, I received both a telephone call and email from an unknown man who explicitly stated that he obtained my personal contact information from the court filings in this case and wanted to "talk about the case." This unwanted contact demonstrates that unauthorized individuals are accessing my personal information through the court's public filing system and using it to contact me directly.

Plaintiff has also taken affirmative steps to make this case more widely accessible to the public. Specifically, she placed a link on her own website directing visitors to CourtListener, a platform where the full docket and filings in this case can be viewed by anyone. This action increases the likelihood that third parties will access Defendant's personal information, thereby exacerbating the risk of harassment, stalking, or identity misuse.

The safety risk is immediate and substantial for several reasons:

1.   As a social justice activist, I regularly receive death threats and harassment related to my advocacy work. The disclosure of my personal information in this case has exacerbated this ongoing harassment, with individuals now specifically referencing this litigation in their communications.

2. The current sociopolitical climate has heightened the risk of targeted violence against activists. Recent news reports of violence against public figures (such as Charlie Kirk) underscore the real dangers that activists face when their personal identifying information is exposed.

3. The unwanted contact I have already received confirms that my personal information is being accessed and used by unknown third parties, creating an immediate risk of physical harm, harassment, or stalking.

Courts have inherent authority to seal or redact filings to protect parties from harm. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). Oregon state law also recognizes civil remedies for stalking and harassment under ORS 30.865, reflecting the state's public policy interest in protecting individuals from such conduct. Courts may grant emergency relief when immediate and irreparable harm is shown. See *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

### III. GOOD CAUSE SHOWING UNDER LR 26-3

Local Rule 26-3 requires a detailed factual showing of good cause to support a protective order. The following specific facts establish good cause for the requested relief:

1. **Nature of Personal Information Disclosed**: The public court filings in this case contain my complete home address, personal telephone number, and personal email address. This comprehensive set of personal identifiers creates a significant risk profile by providing multiple avenues for unwanted contact and potential financial harm.

2. **Actual Harm Already Experienced**: As detailed above, I have already experienced direct, unwanted contact from at least one individual who explicitly stated that he obtained my contact information from the court filings. This is not a speculative harm but an actual invasion of privacy that has already occurred.

3. **Heightened Vulnerability Due to Activist Status**: As a social justice activist, I am at heightened risk of targeted harassment, threats, and potential violence. I receive death threats on a daily basis related to my activism. The disclosure of my personal information in connection with this litigation has created a new vector for harassment, as evidenced by the messages and comments I have received specifically referencing this case.

4. **Protective Measures Already Taken**: I have taken reasonable steps to protect my personal information in other contexts, including hiring a data removal service called "Delete Me" to remove my information from unauthorized websites. Despite these efforts, the public disclosure of my information in court filings has undermined these protective measures.

5. **Specific Prejudice and Harm**: The continued public availability of my personal information would cause specific prejudice and harm by:

    – Enabling continued unwanted contact from unknown individuals

    – Creating a risk of physical harm or stalking at my residence

    – Potentially facilitating identity theft or financial fraud

    – Causing emotional distress and anxiety due to safety concerns

    – Interfering with my ability to participate fully in this litigation due to safety concerns

Plaintiff's decision to provide a public link on her website directing visitors to CourtListener, where the full docket and filings are available, significantly broadens access to Defendant's unredacted personal information. This voluntary act of self-publication increases the likelihood of harassment, doxxing, or identity misuse. These specific facts demonstrate that good cause exists for the requested protective order under Local Rule 26-3.

**IV. PRIVACY PROTECTION UNDER FEDERAL RULE 5.2**

Federal Rule of Civil Procedure 5.2 establishes a comprehensive framework for protecting privacy in court filings. Rule 5.2(a) specifically requires redaction of certain personal information, including home addresses and telephone numbers, from documents filed with the court. This rule implements the privacy protection requirements of the E-Government Act of 2002, Section 205(c)(3).

The personal information disclosed in the public filings in this case falls squarely within the categories of information that Rule 5.2 is designed to protect. The rule recognizes that certain personal identifiers create particular risks when publicly disclosed and establishes a presumption that such information should be redacted from public filings.

While Rule 5.2(f) provides an option for filing an unredacted copy under seal, I am requesting that only redacted versions be maintained in this case, with no unredacted versions available to anyone, due to the severity of the safety concerns involved. This approach is consistent with the protective purpose of Rule 5.2 and the Court's inherent authority to protect litigants from harm.

## V. REDACTION ANALYSIS AND INSUFFICIENCY OF ALTERNATIVES

Under Local Rule 26-3, a party seeking a protective order must explain why alternatives to a protective order, such as redaction alone, are insufficient. In this case, redaction of future filings alone is insufficient for several reasons:

1. **Existing Public Disclosures**: My personal information has already been disclosed in public filings and remains accessible through the court's electronic filing system. Redaction of future filings would not address the immediate harm caused by these existing disclosures.

2. **Continued Risk of Inadvertent Disclosure**: Without a comprehensive protective order, there remains a risk that my personal information could be inadvertently included in future filings by any party, particularly given the pro se status of multiple parties in this litigation.

3. **Need for Comprehensive Protection**: The nature of the safety risk requires a comprehensive approach that includes both sealing existing disclosures and implementing protective measures for future filings.

4. **Clerk Review Requirement**: Without specific direction from the Court, the Clerk's office may not have clear guidance on handling filings containing my personal information, potentially leading to inconsistent protection.

For these reasons, a comprehensive protective order addressing both existing and future filings is necessary to provide adequate protection.

## VI. DECLARATION OF KIANDRIA DEMONE BOYCE

I, Kiandria Demone Boyce, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I am the Defendant in this action, appearing pro se.

2. I am a social justice activist who regularly engages in public advocacy work on issues related to racial justice and equality.

3. Due to my activism, I receive death threats on a daily basis and have been subjected to ongoing harassment and intimidation.

4. I do not publicly share my personal contact information, home address, or financial information, and I have hired a service called "Delete Me" to remove my personal information from unauthorized websites.

5. On September 10, 2025, I received both a telephone call and an email from an unknown man who stated that he obtained my personal contact information from the court filings in this case and wanted to discuss the case with me.

6. This unwanted contact caused me significant distress and concern for my safety, as it demonstrated that unknown individuals were accessing my personal information through the court's public filing system.

7. In addition to this direct contact, I have received harassing messages and comments specifically referencing this litigation, indicating that the public disclosure of my involvement in this case has created a new avenue for harassment.

8. I believe that the continued public availability of my personal information in court filings poses an immediate and substantial risk to my personal safety and security.

9.  I have not been able to confer with Plaintiff regarding this motion due to safety concerns and the hostile relationship between us, as Plaintiff has repeatedly made false accusations that I have threatened her.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 10, 2025.

## VII. RELIEF REQUESTED

Based on the foregoing, I respectfully request that the Court enter an order:

1.  **Immediate Sealing of Existing Filings**: Directing the Clerk of Court to immediately seal or restrict public access to all filings in this case that contain my unredacted personal information, including but not limited to my home address, telephone number, email address, and financial account numbers;

2.  **Permission for Redacted Filings**: Permitting the filing of redacted versions of these documents that comply with Federal Rule of Civil Procedure 5.2, with no requirement to file unredacted versions under seal due to the severity of the safety concerns involved;

3.  **Future Filing Requirements**: Directing the Clerk of Court to ensure filings containing unredacted personal identifiers are restricted from public access until redacted copies are provided.

4.  **Clerk Review Requirement**: Directing the Clerk of Court to implement appropriate measures to ensure that my personal information is not accessible through the Court's electronic filing system, including PACER/ECF, going forward;

5. **Emergency Consideration**: Granting this motion on an emergency basis without requiring a hearing, given the immediate risk to my safety and security; and

6. **Additional Relief**: Granting such other and further relief as the Court deems just and proper.

## VIII. CONCLUSION

For the reasons stated above, I respectfully request that this Court grant this Emergency Motion to Redact Personal Information and Seal Unredacted Filings to protect my safety, security, and privacy.

Respectfully submitted,

Dated: September 10, 2025

/s/ Kiandria Demone Boyce
Kiandria Demone Boyce
Defendant, Pro Se
Address Redacted
Phone Redacted
Email Redacted

## IX. EXHIBITS

**Exhibit A** – Screenshot of text message and CourtListener docket entry showing Defendant's personal phone number and confirming that a third party accessed this information and contacted Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I caused a true and correct copy of the foregoing EMERGENCY MOTION TO REDACT PERSONAL INFORMATION AND SEAL UNREDACTED FILINGS to be served on all parties of record via the Court's CM/ECF system, which will send notification of such filing to all counsel of record. Defendant's Exhibit A is attached hereto.

/s/ Kiandria Demone Boyce

Kiandria Demone Boyce

Defendant, Pro Se

**[PROPOSED] ORDER**

Having considered Defendant Kiandria Demone Boyce's Emergency Motion to Redact Personal Information and Seal Unredacted Filings, and good cause appearing therefor, the Court hereby ORDERS as follows:

1. The Clerk of Court shall immediately seal or restrict public access to all filings in this case that contain Defendant Kiandria Demone Boyce's unredacted personal information, including but not limited to her home address, telephone number, and email address.

2. Defendant is permitted to file redacted versions of these documents that comply with Federal Rule of Civil Procedure 5.2, with no requirement to file unredacted versions under seal;

3. All future filings in this case must comply with Federal Rule of Civil Procedure 5.2 with respect to Defendant's personal information, and any filing containing such information shall be rejected by the Clerk's office until properly redacted;

4. The Clerk of Court shall implement appropriate measures to ensure that Defendant's personal information is not accessible through the Court's electronic filing system, including PACER/ECF, going forward;

5. This Order is granted on an emergency basis due to the immediate risk to Defendant's safety and security.

6. This Order shall apply retroactively to all prior filings containing Defendant's unredacted personal information and shall remain in effect for the duration of this litigation unless modified by the Court.

IT IS SO ORDERED.

Dated: _____, 2025

_____

UNITED STATES DISTRICT JUDGE