UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Kursten Owen (individually and d/b/a Elegance & Geekery LLC),

Plaintiff,

v.

Breana Askew (individually and d/b/a Breromi),

Kiandria Demone Boyce,

and Does 1–100,

Defendants.

Case No. 6:25-cv-01272-AA

**DEFENDANT BREANA ASKEW'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

(Fed. R. Civ. P. 12(b)(2))

(And Request in the Alternative for Reconsideration; Effect on Time to Answer under Rule 12(a)(4))

**LR 7-1(a) Certification:** Defendant certifies that conferral was not possible at this time.

---

INTRODUCTION

Defendant Breana Askew respectfully moves this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Jurisdiction must rest

on Defendant's own forum-directed conduct, not on Plaintiff's residence, the mere fact that statements appeared on the internet, or the independent actions of third parties. See *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("The proper question is not where the plaintiff experienced a particular injury, but whether the defendant's conduct connects him to the forum in a meaningful way.").

Defendant's evidence establishes three key points:

1. Her statements were directed at a misidentified public persona, not Plaintiff.

2. She had no knowledge of any Oregon connection until after this lawsuit began.

3. Her limited online activity was aimed at national platforms, not at Oregon residents.

Under controlling precedent, these facts do not support personal jurisdiction, and dismissal is compelled. The supporting facts are detailed in the concurrently filed Declaration of Breana Askew ('Askew Decl.') and Exhibits A–D."

---

**FACTUAL BACKGROUND**

**TikTok Branding.** The company's TikTok account consistently featured the influencer as its face, with a bio reading "check out my creations." The videos depicted that persona as the designer and voice of the brand. (See Exhibit A.)

**Email Exchanges.** In early communications, the name "Kursten Owen" appeared, but Defendant assumed it referred to the influencer herself. Later, Plaintiff acknowledged that the

business was operated by three people, yet continued to refer to the TikTok account as "my videos," reinforcing the impression that the influencer was the creator.

**Product Development.** Another individual, not Plaintiff, was publicly listed as the product developer. This suggested Plaintiff's role was administrative, not creative.

**Defendant's Statements.** Publicly, Defendant never referred to Ms. Owen by name. Statements about "stealing my invention" were directed at the influencer persona. The only direct reference to Ms. Owen ("see you in court") occurred in a private message unrelated to the allegedly defamatory remarks.

**LinkedIn Engagement.** When a LinkedIn post later revealed that Ms. Owen was part of the company's ownership, Defendant merely reacted with surprise. She did not create the post, nor did she notice the small Oregon notation. Defendant did not learn Plaintiff resided in Oregon until after litigation began.

**Influencer vs. Plaintiff's Role.** At the time of Defendant's statements, she did not know that Plaintiff Kursten Owen was personally involved in creating or managing the company's TikTok content. Defendant understood the public-facing influencer or the product developer to be responsible for the brand's creative work. Only later, through Plaintiff's own confirmation, did Defendant learn that Owen had an ownership role. Defendant nevertheless believed Owen's role was administrative or managerial, not as the designer or creative originator. Because Defendant's statements were directed at the influencer persona and product developer, and not at Owen individually, they were not purposefully aimed at Plaintiff as an Oregon resident. (See Exhibits A–B.)

**Pre-Suit Email from Plaintiff.** Before this lawsuit, Plaintiff emailed Defendant stating that she had independently developed the ideas. (See Exhibit D.) That did not make sense to Defendant,

because Plaintiff was not publicly listed as the product designer and the company's TikTok content consistently presented the influencer as the creator. (See Exhibit C.)

**Shopify Referral.** Members of the public referred the Defendant to Shopify's national counterfeit-reporting process when questions arose about third-party intellectual property. This was a general referral to Shopify's policy, not an Oregon-directed act. Defendant did not submit a report against Plaintiff's store for her own product, and the store remained active.

**Summary.** Thus, Defendant's conduct was consistently directed toward the company's public influencer persona or national platforms, not Plaintiff Owen in Oregon. These facts are confirmed in the Askew Decl. and supporting Exhibits.

**OREGON'S LONG-ARM STATUTE**

Oregon's long-arm statute extends personal jurisdiction to the full limits of due process. ORS 14.030; *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). Accordingly, the jurisdictional analysis here collapses into the federal due process standard, requiring Plaintiff to establish that Defendant purposefully directed conduct at Oregon, that her claims arise out of those contacts, and that exercising jurisdiction would be reasonable.

**LEGAL STANDARD**

To establish specific personal jurisdiction, Plaintiff must show:

1. Defendant purposefully directed activities toward the forum state;

2. The claims arise out of or relate to those forum contacts; and

3. Exercising jurisdiction is reasonable and comports with due process.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Failure on any element defeats jurisdiction.

---

**ARGUMENT**

**I. Defendant Did Not Purposefully Direct Conduct Toward Oregon**

**Online accessibility is insufficient.** The Supreme Court and Ninth Circuit have consistently held that internet activity alone cannot establish jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014); *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209–12 (9th Cir. 2020); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1157–58 (9th Cir. 2006); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070–71 (9th Cir. 2017).

**Statements were directed at a misidentified persona, not Plaintiff.** Defendant's comments were aimed at the TikTok influencer promoted as the brand's public face. Because Plaintiff was not the intended subject, the "express aiming" element of the *Calder* effects test is not satisfied. *Young v. Maciora*, 69 F.4th 1099, 1106 (9th Cir. 2023); Exhibits A–B.

**Criticism of a company or brand is not automatically "of and concerning" an individual officer or owner.** See *New York Times Co. v. Sullivan*, 376 U.S. 254, 288–89 (1964). Defendant's occasional references to "this company" or its influencer persona do not satisfy the "express aiming" requirement as to Plaintiff Owen individually.

**No knowledge of Oregon or Plaintiff's creative role.** Defendant did not learn of Plaintiff's Oregon residence until after the lawsuit began. At the time of her statements, Defendant understood an influencer or product developer to be responsible for the brand's creative work, not Plaintiff Owen. It was only later that Owen confirmed her involvement. Under *Walden* and *Axiom Foods*, knowledge of a plaintiff's forum residence is not enough; there must be intentional targeting of the forum state itself.

**District of Oregon precedent confirms this principle.** In *IGI Cybersecurity Services v. [Defendant]*, Case No. 3:23-cv-01277 (D. Or. July 11, 2024), the court found no personal jurisdiction even though the defendant engaged in videoconferences and communications with Oregon parties. The court explained that such incidental or attenuated contacts, absent purposeful targeting, do not satisfy due process.

**Conduct involved national platforms, not Oregon-specific actions.** Defendant's engagement with Shopify and TikTok involved generalized use of global services, not solicitation of Oregon residents. The Ninth Circuit has cautioned against jurisdiction based solely on global, non-targeted online interactions. *AMA Multimedia*, 970 F.3d at 1209–10.

Because none of Defendant's conduct was expressly aimed at Oregon, the first prong fails.

---

### II. Plaintiff's Claims Do Not Arise Out of Oregon-Directed Contacts

The Ninth Circuit applies a "but-for" test. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiff's claims would be the same regardless of her residence, because Defendant's statements targeted a misidentified influencer persona on national platforms. Plaintiff cannot show that her alleged injuries arose out of Oregon-specific contacts.

**III. Exercising Jurisdiction Would Be Unreasonable**

Even if Plaintiff could satisfy the first two prongs (she cannot), jurisdiction would still be unreasonable under the factors outlined in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

- **Burden on Defendant.** Defendant is a Georgia resident with no property, business, or ongoing contacts in Oregon. Litigating across the country imposes substantial and undue hardship. Defendant is also representing herself pro se because of the extreme difficulty of securing counsel in a distant state. Very few attorneys are willing to take a federal defamation case across the country, and even initial consultations require extensive cost and travel. This creates a disproportionate burden compared to litigating in her home state, where local counsel could more readily be obtained.

- **Forum's Interest.** Oregon has minimal interest where Defendant's conduct was directed at a misidentified public persona and national platforms, not Oregon.

- **Plaintiff's Interest.** Plaintiff could pursue claims in Georgia just as effectively, as this dispute centers on online statements, not local Oregon activity.

- **Efficient Resolution.** All alleged conduct occurred online. Digital evidence is equally accessible in any forum, making Oregon no more efficient than Georgia.

- **Fair Play and Substantial Justice.** Allowing jurisdiction here would mean any internet speaker could be haled into court in all 50 states, a result expressly rejected in *Walden*

and *AMA Multimedia*.

**The Online Context Creates Unreasonable Burden.** If the mere existence of online speech were enough to establish jurisdiction wherever a plaintiff resides, then any internet user could be sued in any of the fifty states. The Supreme Court and Ninth Circuit have rejected such limitless exposure. See *Walden*, 571 U.S. at 285–86; *AMA Multimedia*, 970 F.3d at 1209–10; *Pebble Beach*, 453 F.3d at 1157–58.

**Technology Does Not Eliminate Burden.** Plaintiff may argue that modern technology reduces the hardship of litigating across the country. But due process does not turn on convenience; it turns on meaningful forum contacts. *Walden*, 571 U.S. at 284; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("predictability in where one may be sued is essential to fair play").

**District of Oregon Guidance.** The District of Oregon recently underscored these principles in *IGI Cybersecurity Services* (3:23-cv-01277), dismissing for lack of personal jurisdiction where defendants had only incidental contacts with Oregon through virtual communications. The same reasoning applies here.

On balance, the reasonableness factors strongly weigh against jurisdiction.

---

### IV. Third-Party Amplification Cannot Create Jurisdiction

Plaintiff relies heavily on viral TikTok videos made by unrelated third parties. But jurisdiction must be based on Defendant's own contacts, not on the independent actions of others. *Walden v. Fiore*, 571 U.S. at 284–89; *Picot v. Weston*, 780 F.3d 1206, 1214–15 (9th Cir. 2015).

Defendant cannot be haled into Oregon court merely because third parties repeated or spread content online.

## PROCEDURAL NOTES

This motion is filed under Rule 12(b)(2). Defendant previously raised jurisdictional concerns orally during the TRO hearing, but this is her first written motion under Rule 12(b)(2). Under Rule 12(a)(4), the obligation to answer is suspended until 14 days after the Court's ruling. To the extent the Court determines jurisdiction was already adjudicated at the TRO stage, Defendant respectfully requests that this filing be treated in the alternative as a motion for reconsideration and that she be granted additional time to file an answer.

**CONCLUSION**

Plaintiff has not met her burden to establish personal jurisdiction. Defendant has no meaningful contacts with Oregon, did not purposefully direct any conduct toward this forum, and reasonably believed her statements were directed at a different public persona altogether.

Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: September 15, 2025

Respectfully submitted,
/s/ Breana Askew
Breana Askew
Defendant, Pro Se