**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**Kursten Owen (individually and d/b/a Elegance & Geekery LLC),**

**Plaintiff,**

**v.**

**Breana Askew (individually and d/b/a Breromi),**

**Kiandria Demone Boyce,**

**and Does 1–100,**

**Defendants.**

**Case No. 6:25-cv-01272-AA**

### DECLARATION OF BREANA ASKEW

**In Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

I, Breana Askew, declare as follows:

1. I am the Defendant in this action. I submit this declaration in support of my Motion to Dismiss for Lack of Personal Jurisdiction.

2. At all relevant times, I resided in the State of Georgia. I have never resided in Oregon, owned property there, operated a business there, or otherwise maintained ongoing contacts with Oregon.

3. I have never directed any advertisements, business solicitations, or communications specifically to Oregon residents.

4. My online statements were directed at what I understood to be the company's public-facing influencer persona and the brand identity of Elegance & Geekery, as it was presented on TikTok and other national platforms.

5. When I occasionally used phrases such as "this company," I was referring to the brand as a whole and its publicly promoted representatives. At that time, I did not understand

    Plaintiff Kursten Owen to be the creator of the products or the influencer featured in the company's marketing.

6. I first became aware that Ms. Owen was listed as part of the company's ownership through a LinkedIn post, but I still understood her to have an administrative or managerial role, not the role of product designer. To this day, I do not know if Ms. Owen actually designed the products.

7. I also recall receiving an email from Ms. Owen before this lawsuit, in which she stated she had independently developed the ideas. That did not make sense to me at the time, because she was not publicly listed as the product designer, and the company's TikTok content consistently presented the influencer as the creator. This reinforced my understanding that Ms. Owen's role was administrative or managerial rather than creative.

8. My statements about copying or product development were directed toward the public influencer and product developer associated with the brand, not toward Ms. Owen personally. I never intended my comments as personal attacks on Ms. Owen and did not publicly identify her by name in my posts.

9. Because I live in Georgia, I have struggled to find an attorney willing to represent me in Oregon federal court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15th, 2025

/s/ Breana Askew
Breana Askew