Kiandria Demone Boyce
[Address Redacted for Safety – motion to redact pending]
Pro Se Defendant
Email: kboyce2020@gmail.com
Phone: [Phone Redacted for Safety]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

Case No.: 6:25-cv-01272-AA

**Kursten Owen (individually and d/b/a Elegance & Geekery LLC),**

Plaintiff,

v.

**Breana Askew (individually and d/b/a Breromi),**
**Kiandria Demone Boyce,**
**and Does 1–100,**

Defendant(s).

**DEFENDANT KIANDRIA DEMONE BOYCE'S MOTION TO DISMISS**

**FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE,**
**OR IN THE ALTERNATIVE, TO TRANSFER VENUE (Fed. R. Civ. P. 12(b)(2), 28 U.S.C. § 1404(a))**

**LR 7-1(a) CERTIFICATION**

Defendant certifies that conferral was not practicable in this matter. Plaintiff has repeatedly mischaracterized Defendant's social media commentary and falsely accused Defendant of

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

1

making threats. For this reason, Defendant does not feel safe or comfortable engaging in direct conferral with Plaintiff or her representatives unless and until Defendant is able to retain counsel of her own.

Even so, Defendant attempted to contact Plaintiff's previously listed pro bono attorney, Erik J. Haynie, to advise of this position, but received an automated response stating that he is no longer with that firm. As a result, Defendant has been unable to complete conferral, and under these circumstances, meaningful conferral has not been possible. (See Exhibit B).

---

**INTRODUCTION**

Defendant Kiandria Demone Boyce respectfully moves this Court to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and Oregon's long-arm statute, ORS 14.030. In the alternative, Defendant requests transfer of this action to the Northern District of Georgia under 28 U.S.C. § 1404(a).

Plaintiff, an Oregon resident, seeks to hale a Georgia resident into Oregon federal court for online commentary made in Georgia to a nationwide audience. Defendant has no property, business, offices, employees, or purposeful contacts with Oregon. Defendant has never lived in or traveled to Oregon and has no connection to the state beyond Plaintiff's unilateral decision to reside there.

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

The only incidental appearance of Oregon in Defendant's content arose in a third-party LinkedIn screenshot that displayed "Albany, Oregon" beneath the name of a presumed relative, Caleb Owens, who was also listed as "product developer." Defendant did not notice, acknowledge, or emphasize that reference. Her post focused solely on confusion about the roles of individuals associated with the company, and was expressly framed as commentary and opinion ("my guess is…"). That post contained no harassment, no direction to third parties, and no purposeful targeting of Oregon.

The posts Plaintiff primarily relies on to allege harassment contain no references to Oregon at all. Jurisdiction cannot be created where Defendant's conduct was not aimed at Oregon and contained only incidental, unnoticed information about Oregon embedded in third-party content. *Walden v. Fiore*, 571 U.S. 277 (2014), makes clear that jurisdiction requires the defendant's own conduct to be "expressly aimed" at the forum state; incidental harm felt by a resident is not enough. Likewise, *Calder v. Jones*, 465 U.S. 783 (1984), requires express targeting of the forum, which is absent here.

Plaintiff's claims instead rest on third-party amplification of a viral story already circulating on social media. But jurisdiction cannot rest on the independent actions of third parties. *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006). Allowing Oregon to assert jurisdiction based solely on Plaintiff's residence and viral internet commentary would expose every online speaker to suit in all 50 states, contrary to constitutional limits.

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

Because Defendant has no purposeful contacts with Oregon, and because jurisdiction based on third-party virality would violate *Walden* and Ninth Circuit precedent, this Court lacks personal jurisdiction. Even if minimum contacts could somehow be found, exercising jurisdiction here would be unreasonable and contrary to "fair play and substantial justice" under *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987).

---

**FACTUAL BACKGROUND**

1. Defendant resides in Georgia. She has never lived in Oregon, owned property in Oregon, held bank accounts in Oregon, or employed persons in Oregon.

2. The Complaint alleges Plaintiff is an Oregon resident and relies on that residence to assert jurisdiction.

3. Defendant is a social justice activist who comments on viral online events. Her work involves identifying perceived bullying, consumer harm, or corporate misconduct.

4. Defendant's commentary about Plaintiff arose after a viral dispute between Plaintiff and co-defendant Breana Askew circulated widely on social media.

5. Plaintiff relies on one LinkedIn screenshot (Exhibit C) that incidentally lists "Albany, Oregon," under a presumed relative, Caleb Owens, who was also identified publicly as

the "product developer." Defendant's post focused solely on role confusion (Kursten claiming to be the inventor, a third woman's image used in marketing, and Caleb listed as developer). Defendant expressly framed her commentary as speculation ("my guess is"), not as factual claims.

6. The posts that Plaintiff alleges were "harassment" contain no Oregon references whatsoever. Plaintiff's reliance on the single incidental LinkedIn screenshot is misplaced, as that post contained no harassment or direction to others.

7. Plaintiff's marketing was inconsistent:

    o One woman's face appeared on the social media account, but was not Plaintiff. (Exhibit E).

    o Plaintiff claimed to be the inventor, while a third party (Caleb Owens) was publicly listed as the product developer. (Exhibit C).

    o Plaintiff has provided no original sketches, prototypes, or plans supporting her claim of invention.

8. These inconsistencies fueled legitimate public confusion about who was behind the product and where the business operated. Defendant's commentary reflected that

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

confusion, not targeted harassment.

9. Defendant has been unable to retain Oregon counsel despite contacting multiple attorneys. (Exhibit A). Defendant attempted to confer with Plaintiff's listed counsel but was informed he no longer represents Plaintiff. (Exhibit B).

10. Plaintiff has also misused unreliable email tracking technology, claiming Defendant opened an email she never accessed. (Exhibit D). This demonstrates the unreliability of Plaintiff's evidence and further underscores due process concerns about litigating remotely with contested digital evidence.

---

**LEGAL STANDARD**

Oregon's long-arm statute, ORS 14.030, is coextensive with federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). Thus, the sole question is whether jurisdiction complies with due process under *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Specific jurisdiction requires (1) purposeful availment, (2) claims arising out of forum-related conduct, and (3) jurisdiction consistent with fair play and substantial justice. *Walden*, 571 U.S. at 283–86.

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

**ARGUMENT**

**I. Defendant Lacks Minimum Contacts with Oregon**

Defendant created her commentary in Georgia for a nationwide audience. She did not purposefully direct conduct toward Oregon.

- The only post containing "Albany, Oregon" was incidental, embedded in a third-party LinkedIn screenshot, and never acknowledged or emphasized by Defendant. (Exhibit C).

- The posts Plaintiff cites as harassment contain no Oregon references at all.

- Commentary framed as opinion and speculation does not create jurisdiction. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984).

Under *Walden*, jurisdiction cannot rest on harm suffered by a plaintiff in Oregon where Defendant's own conduct was not directed there.

**II. The Claims Do Not Arise From Oregon Contacts**

Plaintiff's defamation and harassment claims rely on posts that did not mention or target Oregon. The only post that incidentally contained an Oregon reference was explicitly framed as speculation and opinion, not harassment. Under *Calder v. Jones*, 465 U.S. 783 (1984),

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

jurisdiction requires "express aiming" at the forum state. That is absent here. Plaintiff's jurisdictional theory rests entirely on her residence in Oregon and speculative harm felt there, but Walden expressly rejects jurisdiction based on a plaintiff's location alone.

### III. Exercising Jurisdiction Would Be Unreasonable (*Asahi* Factors)

- **Burden on Defendant.** Defendant is a Georgia resident and single parent, litigating pro se while struggling to retain counsel. Oregon litigation imposes disproportionate hardship. (Exhibit A).

- **Forum's Interest -** Oregon has minimal interest in adjudicating nationwide online speech.

- **Plaintiff's Interest -** Plaintiff could litigate in Georgia just as effectively.

- **Efficient Resolution -** All evidence is digital and equally accessible elsewhere.

- **Fair Play -** Extending jurisdiction here would subject online speakers to suit in all 50 states, a result foreclosed by *Walden* and *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209–10 (9th Cir. 2020). Plaintiff herself demonstrates the overbreadth of her

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

jurisdictional theory by choosing to sue only Defendant Boyce while ignoring numerous other commentators across multiple states who made similar or more direct statements. If Plaintiff's theory of jurisdiction were correct, then every person nationwide who participated in the viral conversation could be haled into Oregon court. The fact that Plaintiff selectively sued one out-of-state defendant underscores why jurisdiction here would be fundamentally unfair. Moreover, Plaintiff herself has publicized this litigation by posting a link to case filings on her website and by allowing comments containing the case number to remain visible beneath her social media content. By doing so, Plaintiff invited national attention and participation in the controversy, thereby undermining any claim that the alleged harm was uniquely centered in Oregon. Under *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987), the reasonableness inquiry weighs against jurisdiction where the plaintiff's own actions amplify the controversy beyond the forum state.

**IV. Third-Party Amplification Cannot Create Jurisdiction**

Plaintiff relies heavily on viral spread. Jurisdiction must be based on Defendant's own conduct, not third-party amplification. *Picot v. Weston*, 780 F.3d 1206, 1214–15 (9th Cir. 2015). Virality cannot create jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1157–58 (9th Cir. 2006). The social media discussion about Plaintiff and her business was already viral before Defendant ever posted, with multiple posts appearing days earlier from other individuals across the country.

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

Defendant merely joined a preexisting national conversation; she did not initiate or direct it toward Oregon.

---

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed for lack of personal jurisdiction. In the alternative, this Court should transfer venue to the Northern District of Georgia under 28 U.S.C. § 1404(a).

Should the Court deny this motion, Defendant respectfully requests additional time to file her Answer, given her ongoing difficulty securing counsel and the undue burden of defending across the country.

---

**EXHIBIT LIST**

- **Exhibit A** – Attorney rejection correspondence (difficulty retaining counsel).

- **Exhibit B** – Email exchange showing attempt to contact Plaintiff's pro bono counsel, confirming he no longer worked for the firm.

- **Exhibit C** – LinkedIn screenshot containing incidental "Albany, Oregon" reference. Commentary (regarding screenshot) made by the defendant that does not mention or

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

acknowledge Oregon.

- **Exhibit D** – Evidence disproving Plaintiff's claim that Defendant opened an email via tracking software.

- **Exhibit E** – Screenshots showing different woman's face used in marketing and Caleb Owens listed as "product developer."
- **Exhibit F** – Screenshots showing third parties in other states engaging in social media commentary before the defendant became involved. Screenshots showing plaintiff publicizing this case by linking to filings and allowing case-related discussion in public comments.

---

**Respectfully submitted,**

Dated: September 15, 2025

/s/ Kiandria Demone Boyce

**Kiandria Demone Boyce**

Pro Se Defendant

[Address Redacted Pending Court Approval]

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

11

Telephone: [Redacted]

Email: [Redacted]

Def.'s Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue

12