**In the United States District Court for the District of Oregon**

| | |
|---|---|
| Kursten Owen (individually and d/b/a Elegance & Geekery LLC), Plaintiff, v. Breana Askew (individually and d/b/a Breromi), Kiandria Demone Boyce, and Does 1-100, Defendants. | PLAINTIFF'S OPPOSITION TO DEFENDANT BOYCE'S AND ASKEW'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>Case No: 6:25-cv-01272-AA |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT BOYCE'S AND ASKEW'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Kursten Owen respectfully submits this opposition to Defendant Kiandria Demone Boyce's Motion to Dismiss for Lack of Personal Jurisdiction and to Defendant Breana Askew's Motion to Dismiss for Lack of Personal Jurisdiction.

**In the United States District Court for the District of Oregon**

| | |
|---|---|
| Kursten Owen (individually and d/b/a Elegance & Geekery LLC), Plaintiff, v. Breana Askew (individually and d/b/a Breromi), Kiandria Demone Boyce, and Does 1-100, Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANT BOYCE'S AND ASKEW'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No: 6:25-cv-01272-AA |

---------------------------------------------

**Plaintiff's Memo in Opposition to Defendant Kiandria Demone Boyce's Motion to Dismiss for Lack of Personal Jurisdiction and to Defendant Breana Askew's Motion to Dismiss for Lack of Personal Jurisdiction**

Defendants both object to personal jurisdiction. (Docs. 78, 79, 80, 82). The Court, however, has already resolved this issue and ruled that it has personal jurisdiction over defendants. (Doc. 39). That analysis was detailed and specific and should not be revisited.

Under the law, the Court's prior decision on personal jurisdiction is now the "law of the case." "Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the

identical case." Thomas v. Bible, 983 F.2d 152 (Ninth Circuit, 1993). In Thomas, the court stated that, "a court may have discretion to reopen a previously resolved question under one or more of the following circumstances: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; (5) a manifest injustice would otherwise result." Thomas v. Bible, 983 F.2d 152 (Ninth Circuit, 1993). Defendants have not pointed to evidence that any of these circumstances exist.

First, the Court's decision was detailed and expansive and therefore not clearly erroneous. Second, there has been no intervening change in law. Third, there is no new evidence presented that would alter the analysis. Fourth, there are no changes in circumstances that could exist to alter the prior conduct that resulted in specific personal jurisdiction over defendants. And fifth, no manifest injustice results by failing to re-open the jurisdiction decision given that much of Defendants' complaints regarding jurisdiction would be present in any litigation, regardless of where it is brought.

Specifically, Defendant Boyce's declaration in support of her motion to dismiss only discusses issues that would be present in any litigation and are not special to litigating in Oregon, other than speculation that she may be able to better find

counsel in Georgia. Defendant Askew notes her confusion about the identity of the person she targeted online, but this is irrelevant. Her mistake was in merely attributing the name "Kursten Owen" to a different face early on, but all accusations were reasonably deemed by the public to be against "Kursten Owen." And, for what it is worth, the "influencer" is merely Plaintiff's childhood friend, who is also an Oregon resident.

Defendants also claim that their speech was directed towards a nation-wide audience and reject the contention that they saw or were aware of Plaintiff's Oregon location, despite all of her business listings establishing her Oregon location and Defendant's own posting of Plaintiff's location via sharing screenshots of her LinkedIn, which Defendant Boyce actively posted and Defendant Askew notes seeing and responding to in her motion. (ECF No. 29-1 at 5, Doc. 78, page 3, and Doc. 79, page 3, Compl. Exhibit 1 at 35, 36, 37). Defendants seem to believe that it is third-party action that has led to personal jurisdiction in Oregon, but it is not. Plaintiff and the Court solely relied on posts made and circulated by Defendants in assessing jurisdiction. In total, Defendants seem to think that unless they posted "Kursten Owen is an intellectual property thief who lives in Oregon," they should not be subject to personal jurisdiction here. But that is not the law. Defendants were aware of Plaintiff's Oregon residence and the fact that she owns and operates an Oregon business. As the Court found, they directly targeted both an Oregon resident and Oregon business. That is sufficient to establish personal jurisdiction,

and Defendants present no new law or facts to justify altering that determination now.

To the extent that the Court desires to re-assess personal jurisdiction, Plaintiff re-incorporates and re-asserts here her prior brief on why personal jurisdiction exists, which she submitted as Doc. 29.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. DENY Defendant Kiandria Demone Boyce's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 79, 80, 82), as the Court already ruled specific jurisdiction exists and no circumstances justify altering that law of this case;

2. DENY Defendant Breana Askew's Motion to Dismiss for Lack of Personal Jurisdiction (Defendant's Objection to Service [ECF No. 78] for the same reasons as Defendant Boyce's motion);

3. In the alternative, should personal jurisdiction be found lacking, TRANSFER this action to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1406(a); and

4. GRANT such other and further relief as this Court deems just and proper in light of the record and evidence.

**Declaration**

I, Kursten Owen, declare under penalty of perjury pursuant to that the above is true and correct to the best of my knowledge and belief, and that all of the referenced exhibits are true and correct copies.

Dated: September 29th, 2025

*s/ Kursten Owen*

Kursten Owen