Kiandria Demone Boyce
[Address Redacted for Safety – motion to redact pending]
Pro Se Defendant
Email: kboyce2020@gmail.com
Phone: [Phone Redacted for Safety]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **Kursten Owen (individually and d/b/a Elegance & Geekery LLC),**<br><br>Plaintiff,<br><br>v.<br><br><br><br>**Breana Askew (individually and d/b/a Breromi),**<br>**Kiandria Demone Boyce,**<br>**and Does 1–100,**<br><br>Defendant(s). | Case No.: 6:25-cv-01272-AA<br><br>**DEFENDANT BOYCE'S NOTICE OF IMPROPER AMENDMENT AND VIOLATION OF STATUTORY STAY (ORS § 31.152)**<br><br>**AND PRESERVATION OF OBJECTIONS AND RIGHTS TO SEEK FUTURE RELIEF** |

BOYCE NOTICE OF IMPROPER AMENDMENT 1

## I. INTRODUCTION

Defendant Kiandria Demone Boyce, appearing pro se, respectfully submits this Notice to inform the Court of Plaintiff's improper filings made during the pendency of Defendant's Special Motion to Strike under Oregon's anti-SLAPP statute, ORS § 31.150, and to preserve all procedural objections and rights related to those filings.

## II. PROCEDURAL BACKGROUND

On September 15, 2025, Defendant filed a Special Motion to Strike pursuant to Oregon's anti-SLAPP statute, ORS § 31.150, which automatically stayed discovery under ORS § 31.152(2)(a).

That statute provides:

> "All discovery in the proceeding shall be stayed upon the filing of a motion under this section. The stay shall remain in effect until entry of the judgment, unless the court, on motion and for good cause shown, orders specified discovery."

Federal courts sitting in diversity or supplemental jurisdiction apply Oregon's anti-SLAPP procedural protections. See *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999); *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009).

Accordingly, the discovery stay imposed by ORS § 31.152(2) remains in effect until the Court rules on Defendant's pending Special Motion to Strike.

## III. IMPROPER AMENDED COMPLAINT AND NEW EVIDENCE

On October 17, 2025, Plaintiff filed an Amended Complaint and attached new exhibits and "evidence." Because Defendant's Special Motion to Strike was already pending, Plaintiff's right to amend as a matter of course under Fed. R. Civ. P. 15(a)(1) had expired.

Under Rule 15(a)(2), once a responsive motion is filed:

> "A party may amend its pleading only with the opposing party's written consent or the court's leave."

Plaintiff did not obtain Defendant's written consent, nor did the Court issue any order granting leave to amend. Accordingly, the Amended Complaint was filed improperly and without authorization.

## IV. VIOLATION OF STATUTORY STAY AND PREJUDICE

Plaintiff's October 17 filing also included new exhibits that were reportedly submitted on a physical flash drive for in-person viewing at the courthouse. As out-of-state pro se defendants, Defendant Boyce and co-defendant Askew are unable to access or review these materials without traveling across the country.

This filing constitutes a violation of the mandatory discovery stay under ORS § 31.152(2)(a) and imposes undue burden and prejudice on defendants who are litigating remotely. The use of inaccessible, non-electronic exhibits further demonstrates procedural unfairness and underscores the impracticality of maintaining jurisdiction in this district.

---

## V. RESERVATION OF RIGHTS

**Defendant submits this Notice to preserve all procedural objections arising from Plaintiff's October 17, 2025 filings and to ensure the record reflects that discovery remains stayed under ORS § 31.152(2) pending the Court's ruling on the Special Motion to Strike.**

**Defendant expressly reserves all rights to seek appropriate relief if this case proceeds, including but not limited to:**

- A motion to strike Plaintiff's Amended Complaint under Fed. R. Civ. P. 15(a)(2) and 12(f);

- A motion to enforce the statutory discovery stay or for a protective order under ORS § 31.152(2);

- A motion for costs, attorney's fees, or sanctions under ORS § 31.152(3) or the Court's inherent authority if Plaintiff continues to engage in improper or prejudicial filings; and

- Renewed or supplemental motions challenging personal jurisdiction and venue, which Defendant continues to contest.

## VI. NON-WAIVER OF JURISDICTIONAL OBJECTIONS

**This Notice is filed solely to preserve procedural rights and to notify the Court of violations of applicable procedural rules and the statutory discovery stay under ORS § 31.152(2).**

It shall not be construed as a general appearance, a response to the merits of Plaintiff's claims, or a waiver of any defenses under Fed. R. Civ. P. 12(b)(2) or other applicable law. Defendant expressly maintains all previously raised objections to personal jurisdiction and venue and does not consent to this Court's jurisdiction by submitting this Notice.

**Defendant files this Notice for the Court's awareness and record only, without seeking immediate judicial action.**

BOYCE NOTICE OF IMPROPER AMENDMENT 3

**Respectfully submitted,**

Dated: October 17, 2025

/s/ Kiandria Demone Boyce
Kiandria Demone Boyce
Pro Se Defendant
[Address Redacted for Safety]
Email: kboyce2020@gmail.com
Phone: (Redacted)