**BREANA ASKEW**

Pro-Se Defendant

Email: Redacted for Privacy

Address: Redacted for Privacy

Telephone: Redacted for Privacy

**KIANDRIA BOYCE**

Pro-Se Defendant

Email: Redacted for Privacy

Address: Redacted for Privacy

Telephone: Redacted for Privacy

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

**KURSTEN OWEN,**

Plaintiff,

v.

**BREANA ASKEW and**

**KIANDRIA BOYCE,**
Defendants.

**Case No. 6:25-cv-01272-AA**

**DEFENDANTS' NOTICE REGARDING MANDATORY STAYS, RULE 12(a)(4), THE OREGON ANTI-SLAPP STATUTE, AND PLAINTIFF'S CONTINUED MISSTATEMENTS OF LAW**

**INTRODUCTION**

Defendants file this Notice to clarify the governing procedural framework and to correct Plaintiff's recurring misstatements of law that have distorted the docket and misrepresented Defendants' obligations. Both Defendants have properly invoked threshold mechanisms—Defendant Askew through a Rule 12(b) Motion to Dismiss for Lack of Personal Jurisdiction, and Defendant Boyce through a Special Motion to Strike under ORS 31.150. These motions go to the core viability of Plaintiff's claims and must be resolved before any further litigation activity can be required.

Plaintiff's repeated accusations of "non-response" ignore this framework, misconstrue the effect of pending threshold motions, and fail to reflect how federal courts evaluate Anti-SLAPP filings and Rule 12 motions at this stage.

1. EFFECT OF DEFENDANTS' PENDING MOTIONS

A. Rule 12(a)(4) Controls Answer Deadlines

Rule 12(a)(4) expressly provides that a pending Rule 12 motion alters and suspends the time to answer. Because Defendant Askew's Rule 12(b)(2) motion remains unresolved, no answer deadline exists, and Plaintiff's assertions otherwise are legally unsupported.

B. Anti-SLAPP Filing Triggers a Statutory Stay

Filing a Special Motion to Strike under ORS 31.150 triggers the statutory stay under ORS 31.152(1). While the statute expressly stays discovery, federal courts applying the Oregon

Anti-SLAPP law recognize the need to reconcile its stay provision with federal procedure. See *Northon v. Rule*, 2007 WL 2818269 (D. Or. 2007).

Accordingly, Defendants' position—consistent with the purpose of the statute—is that no further responses should be required until the Court resolves the pending threshold motions.

2. PLAINTIFF'S PATTERN OF PROCEDURAL EXAGGERATION

Plaintiff has repeatedly attempted to manufacture procedural defaults that do not exist, including prior attempts to seek contempt against Defendant Boyce based solely on hyperactive surveillance of routine social-media activity. These efforts reflect a broader pattern of overstated, unsupported accusations that misstate governing law and burden the Court with unnecessary filings. Her latest assertions of "failure to participate" follow this same pattern and are contradicted by the docket.

3. PLAINTIFF'S MISSTATEMENT OF THE TRO RULING

Plaintiff repeatedly asserts that personal jurisdiction was already "decided" at the TRO hearing. This is incorrect. A TRO ruling is preliminary, not a final adjudication, and Defendant Askew's Rule 12(b)(2) motion is the first full presentation of jurisdictional facts before the Court. Plaintiff's characterization of the prior proceedings is inaccurate and legally unsound.

4. DEFENDANTS HAVE COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

Defendants have complied with every applicable rule, have filed the proper threshold motions, and have participated in this litigation in good faith. Plaintiff's claims of non-participation are unfounded and reflect a misunderstanding of the procedural posture.

CONCLUSION

Given the pending threshold motions, the statutory stay under ORS 31.152(1), and Rule 12(a)(4)'s alteration of answer deadlines, Defendants are under no obligation to file additional responses at this time. Plaintiff's contrary assertions are inaccurate and disregard the actual governing framework.

This Notice is submitted to ensure the docket reflects the controlling procedural posture and to correct Plaintiff's repeated misstatements of law.

Respectfully submitted,
/s/ Breana Askew
/s/ Kiandria Boyce