Breana Askew
Email: breanaaskew2@gmail.com
Defendant, pro se

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

KURSTEN OWEN, individually and d/b/a Elegance & Geekery LLC,

Plaintiff,

v.

BREANA ASKEW, individually and d/b/a Breromi; KIANDRIA DEMONE BOYCE; and DOES 1–100,

Defendants.

Case No. 6:25-cv-01272-AA

**DEFENDANT BREANA ASKEW'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED PRO BONO APPOINTMENT (ECF No. 118)**

Defendant Breana Askew ("Askew"), who represents herself, responds to Plaintiff's Motion for Limited Pro Bono Appointment (ECF No. 118). Askew does not oppose Plaintiff obtaining counsel for herself. She opposes the motion to the extent it asks the Court to request pro bono counsel for Elegance & Geekery LLC.

## BACKGROUND

On July 18, 2025, Plaintiff Kursten Owen, who alleges that she is the owner of Elegance & Geekery LLC, filed this action in her own name. ECF No. 1; FAC ¶ 3. Her amended complaint is captioned "Kursten Owen (individually and d/b/a Elegance & Geekery LLC)." ECF No. 97. Plaintiff is not an attorney. Apart from a brief pro bono appointment in August 2025, she has represented herself throughout this case, and no attorney has appeared for the LLC. The LLC has never joined this action as a party. Between August 6 and October 22, 2025, the Court appointed pro bono counsel for Plaintiff eight times. Each appointment was terminated, the last on

November 4, 2025. ECF Nos. 28, 37, 38, 49, 50, 53, 54, 70, 71, 75, 76, 89, 90, 101, 102, 104. Plaintiff now asks the Court to request counsel "only for Elegance & Geekery LLC, only on Claim 6 (Lanham Act)." ECF No. 118, at 1.

The FAC combines claimed injuries to Plaintiff personally with claimed injuries to the LLC. Claim One seeks damages for Plaintiff's alleged "reputational harm, emotional distress, and loss of personal economic opportunities." FAC ¶ 166. Before amendment, "loss of personal economic opportunities" read "loss of business opportunities." ECF No. 97-2 (Ex. BV), at 48. Claims Two, Three, and Six, by their terms, concern "Elegance & Geekery LLC's goods and services," its "existing and prospective contractual and business relationships," and its "products and business." FAC ¶¶ 167, 172, 185. When Plaintiff amended, she changed "Plaintiff's" to "Elegance & Geekery LLC's" in Claim Two. ECF No. 97-2 (Ex. BV), at 49. Claim Six is asserted against Askew only. FAC ¶ 184.

A pro se litigant who is not a licensed attorney cannot represent a business entity in federal court. The law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). This Court's rule is the same: "Except a sole proprietorship, a business entity may appear or act only through an attorney, unless otherwise specifically provided by law or Court order." LR 83-9(b). A "d/b/a" describes an individual's trade name; a limited liability company is a separate entity. Plaintiff agrees: "My LLC must be represented by an attorney, and I cannot represent it myself." ECF No. 118, at 1.

## ARGUMENT

The motion should be denied for five reasons. First, it asks for counsel for a business that is not a party to this case, and the statute that allows the Court to request volunteer counsel applies to people, not business entities like an LLC. Second, an appointment limited to one claim cannot work for a business entity like an LLC, which may act only through a lawyer. Third, the motion does not show that the business cannot afford a lawyer. Fourth, pro bono counsel serves

only if an attorney volunteers, and the Court has already made eight appointments in this case. Fifth, Plaintiff did not confer before filing it.

**1. Under *Rowland*, § 1915 does not authorize a request for pro bono counsel for a business entity.**

The statute permits a court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In *Rowland*, the Supreme Court held that "only a natural person may qualify for treatment in forma pauperis under § 1915." 506 U.S. at 196. Applying *Rowland*, this District has held: "*Rowland*'s analysis is also dispositive of Plaintiff's motion for appointment of pro bono counsel. The appointment of volunteer pro bono counsel is set forth in § 1915(d) and references 'person' the same as the other provisions of § 1915. Indeed, the Supreme Court in *Rowland* cited the attorney provision as a basis for construing the IFP provision as not applying to entities." *Climate Change Truth, Inc. v. Shipley*, No. 3:22-cv-00663-AR, ECF No. 6, at 7 (D. Or. May 6, 2022) (Simon, J.) (citing *Rowland*, 506 U.S. at 201–03). The court therefore denied a business entity's motion for pro bono counsel "regardless of the other defects in [its] filings." *Id.*

Askew recognizes that the Court's motion form includes a box for a "Company (LLC, LLP, etc.)." ECF No. 118, at 2. But a form cannot expand the statute, and this District has held that *Rowland* controls requests for pro bono counsel. The Court's guidance also confirms that the Program is designed for litigants who can represent themselves. It addresses persons "unable to pay for an attorney" who "would like legal representation in a pending, active civil suit," and it explains that after a specific-purpose appointment is completed, the litigant "will be expected to proceed pro se from that point forward." U.S. Dist. Ct. D. Or., Applying for Pro Bono Representation, https://www.ord.uscourts.gov/index.php/representing-yourself/applying-for-pro-bono. A limited liability company is not a party to this action, and it cannot proceed pro se at any point. LR 83-9(b).

Plaintiff is an individual, and she may ask the Court to request counsel for herself. But that is not what this motion asks. It asks for counsel to represent the LLC. ECF No. 118, at 1.

The statute turns on who would be represented: the Court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Here, that would be the LLC, which is not a "person" under § 1915. The motion should therefore be denied to the extent it seeks counsel for the LLC.

**2. An appointment limited to Claim 6 would not work for an LLC, which may act only through a lawyer.**

Plaintiff asks for counsel for the LLC "only on Claim 6." ECF No. 118, at 1. That request does not fit the Program, and it would not solve the problem it is meant to solve.

*First, the LLC is not a party, and the request is made for it by Plaintiff.* The LLC has never joined this action. Plaintiff, who agrees she "cannot represent it," ECF No. 118, at 1, is nonetheless the one asking the Court to act on its behalf. A business entity "may appear or act only through an attorney." LR 83-9(b).

*Second, a claim-long appointment is not the kind of limited appointment the Program makes.* The Program's limited appointments are for discrete tasks: "A Specific Purpose Appointment is when a judge appoints an attorney or law firm for the completion of a specific task," such as "drafting an amended complaint," "preparing for and/or appearing at a mediation, settlement conference, deposition, or trial," or "responding to a motion to dismiss or a motion for summary judgment." U.S. Dist. Ct. D. Or., Pro Bono Program Procedures at 2 (rev. Mar. 19, 2026). After that task is done, the litigant "will be expected to proceed pro se." Applying for Pro Bono Representation, *supra*. Representing a business on one claim through pleadings, discovery, motions, and trial is not a specific task. It is, in substance, an all-purpose appointment for a non-party business, and the record shows how unlikely a volunteer is to accept one: each of the eight attorneys appointed in this case in 2025 asked to be released from the appointment, and twelve more attorneys, firms, and clinics have declined or not responded to requests to represent the LLC since September 2026. ECF Nos. 37, 49, 53, 70, 75, 89, 101, 104; ECF No. 118, at 5–6.

*Third, a lawyer for one claim would leave the LLC without counsel for everything else, and without any counsel if that lawyer later withdrew.* If the LLC joined this action, it would be a

party for all purposes, not for one claim. Every step it took—responding to motions, participating in discovery and settlement discussions, and pursuing or abandoning its other claims—would require counsel. A lawyer limited to Claim 6 would leave the LLC with no one to act for it on the rest. And unlike an individual, the LLC could not "proceed pro se" if that lawyer's work ended or the lawyer withdrew; it would be left exactly where it is now. Claims Two and Three, for which Plaintiff seeks no counsel at all, would remain claims of the LLC with no lawyer to pursue them.

The requested appointment therefore would not resolve the LLC's lack of counsel. It would use the Program's limited volunteer resources and add further delay to a case that has been pending since July 2025, while leaving the same problem in place.

**3. Pro bono counsel is for those who cannot afford a lawyer, and the motion does not show that the LLC cannot.**

The Court's Pro Bono Program appoints counsel for pro se parties "who demonstrate financial need and the need for legal counsel." Pro Bono Program Procedures at 1. As the Supreme Court explained, "whatever the state of its treasury, an association or corporation cannot be said to lack the comforts of life." *Climate Change Truth*, ECF No. 6, at 6 (quoting *Rowland*, 506 U.S. at 203) (simplified).

The motion is submitted on behalf of a "Company (LLC, LLP, etc.)." ECF No. 118, at 2. It reports business income as the "Net in checking/savings shown below," with balances of $16,423.25 and $1,326.11, and lists "LLC Employee Wages" and "Materials and Supplies" as monthly expenses. *Id.* at 2–3. The FAC also alleges that the LLC's "gross sales were $190,310 in 2024." FAC ¶ 9; *see* ECF No. 109, at 2. Against a quoted estimate of "over $10,000" for Claim 6, ECF No. 118, at 6, the motion does not show that the LLC is unable to afford counsel. The form also reports Plaintiff's own employment and take-home pay alongside the company's accounts and expenses, *id.* at 2, which illustrates the difficulty of treating the LLC's finances and Plaintiff's as one.

The nature of the claim confirms the point. In deciding whether to request counsel, the Court "may weigh, among other factors, the legal complexity of the issues, the apparent legal

sophistication of the pro se party, and the importance of protecting the rights implicated by the claim." Pro Bono Program Procedures at 1. The claim for which Plaintiff seeks counsel is a commercial claim for money. Claim Six alleges statements about "Elegance and Geekery LLC's products and business" and seeks "actual damages in excess of $5,000.00, disgorgement of Defendant Askew's profits, and treble damages." FAC ¶¶ 185, 189. More broadly, the FAC seeks "[c]ompensatory and consequential damages not less than $350,000," punitive damages, "any available treble damages," and "[c]osts and reasonable attorneys' fees," FAC ¶¶ 196–199, much of it for alleged injury to the LLC's business, FAC ¶¶ 146–147, 171, 178. The Program and § 1915(e)(1) exist to provide counsel to litigants who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1); Pro Bono Program Procedures at 1 (parties "who demonstrate financial need"). They are not designed to supply a business that, according to the FAC, had $190,310 in gross sales in 2024, FAC ¶ 9, with volunteer counsel to pursue alleged claims for disgorgement and treble damages against Askew.

**4. Pro bono counsel serves only if an attorney volunteers, and this request repeats a year of prior efforts.**

Pro bono counsel serves only if an attorney volunteers. ECF No. 118, at 4 (acknowledging "there is no guarantee that an attorney will volunteer"). Plaintiff reports that she contacted more than 100 attorneys and firms before her first motion and lists fifty-five that declined, ECF No. 118, at 5, and that twelve more attorneys, firms, and clinics have "declined or not responded to representing the LLC" since September 2026, *id.* at 5–6. She states that the eight attorneys appointed in 2025 "mostly declined because the case was too broad and complex." *Id.* at 1. To the extent the breadth of this case has deterred counsel, that breadth results in large part from pleading the LLC's alleged claims and damages in Plaintiff's own name. Volunteer lawyers should be reserved for parties who cannot afford counsel, and a further appointment process for a non-party business should not delay resolution of the issues before the Court, including the LLC's status under Federal Rule of Civil Procedure 17(a)(3), which Askew intends to raise by motion.

**5. The motion was filed without conferral.**

"[T]he first paragraph of every motion must certify" that the parties conferred in good faith, and the only exception is for "motions for temporary restraining orders." LR 7-1(a)(1). "The Court may deny any motion that fails to meet this certification requirement." LR 7-1(a)(3). This Court has directed that conferral in this case be done by email, ECF No. 108, and has explained that "litigants must make a good faith effort to confer prior to filing any motion other than a motion for a temporary restraining order." ECF No. 109, at 8. Plaintiff's motion contains no conferral certification, and Plaintiff did not confer with Askew before filing it. The Court has applied this rule to deny Defendants' motions. ECF No. 109, at 8–9, 26–27. The same rule applies to Plaintiff's motion.

## CONCLUSION

Askew respectfully asks the Court to deny Plaintiff's Motion for Limited Pro Bono Appointment (ECF No. 118) to the extent it requests counsel for Elegance & Geekery LLC.

DATED: October 13, 2026.

Respectfully submitted,

/s/ Breana Askew
Breana Askew
Defendant, pro se
Email: breanaaskew2@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I served a true and correct copy of the foregoing DEFENDANT BREANA ASKEW'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED PRO BONO APPOINTMENT by the Court's CM/ECF system, which will send notice to all parties registered to receive it, including Plaintiff Kursten Owen, pro se, and Defendant Kiandria Demone Boyce.

/s/ Breana Askew
Breana Askew, Defendant, pro se