Breana Askew
Email: breanaaskew2@gmail.com
Defendant, pro se

Kiandria Demone Boyce
Email: kboyce6977@gmail.com
Defendant, pro se

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

KURSTEN OWEN, individually and d/b/a Elegance & Geekery LLC,

Plaintiff,

v.

BREANA ASKEW, individually and d/b/a Breromi; KIANDRIA DEMONE BOYCE; and DOES 1–100,

Defendants.

Case No. 6:25-cv-01272-AA

**DEFENDANTS BREANA ASKEW AND KIANDRIA DEMONE BOYCE'S JOINT MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (LLC CLAIMS AND DAMAGES) AND DEFENDANT ASKEW'S MOTION AS TO CLAIM TEN**

Fed. R. Civ. P. 12(c), 17(a)(3)

Oral argument not requested

**LR 7-1 CERTIFICATION**

Under LR 7-1(a) and the Court's order directing the parties to confer by email (ECF No. 108), Defendants Breana Askew and Kiandria Demone Boyce certify that they conferred in good faith with Plaintiff Kursten Owen by email on each issue raised in this motion, and the parties could not resolve them. Defendants first conferred with Plaintiff by email on September 26, 2026, before answering, on the claims and alleged damages belonging to the LLC and a 30-day

period under Rule 17(a)(3); Askew also conferred that day on the patent portion of Claim Ten. Plaintiff responded that Plaintiff was "amenable, in principle, to amending the FAC to omit Claims Two, Three, and Six, without prejudice, and to clarify that I do not seek in my individual capacity damages belonging exclusively to Elegance & Geekery LLC," but asked for more time to consider the proposal and stated that "the scope and terms of any amendment have not yet been finalized." Defendants did not file the motion then and conferred again after the pleadings closed. On October 12, 2026, Askew conferred on dismissal of the claims and alleged damages belonging to Elegance & Geekery LLC, and of Claim Ten. Plaintiff responded the same day: "LLC claims and damages. Oppose." As to Claim Ten, Plaintiff stated: "I agree not to pursue a declaration about any patent that has not issued," and opposed dismissal of the rest of the claim. On October 13, 2026, Askew conferred on the time to be allowed for the LLC to appear through counsel, on dismissal of the remainder of paragraph 191 of Claim Ten unless the LLC appears through counsel, and on whether Plaintiff would agree now to dismiss Claims Two and Three. Plaintiff responded that Plaintiff does "not agree to dismissal of Claim ten," that Plaintiff "request[s] 60 days," and that Plaintiff was "willing to consider dismissal in return for adequate concessions on [Askew's] end, including a fulsome agreement regarding [Askew's] amended Answer." On October 19, 2026, Boyce conferred with Plaintiff by email on both items as to Boyce. Plaintiff responded the same day that Plaintiff "oppose[s] both proposed items as grounds for dismissal," and offered to withdraw Claims Two and Three "subject to agreement on an appropriate procedural mechanism and terms preserving [Plaintiff's] remaining claims, their supporting allegations, and recoverable damages, without reopening unrelated pleadings or motions for fees or costs." Boyce responded: "I also disagree with your proposed joint stipulation regarding Claims Two and Three and do not agree to the terms you have outlined." Plaintiff then wrote to Boyce: "You are welcome to bring your motion." That evening, Askew stated in writing, and then corrected in writing the same night, Defendants' terms: dismissal of Claims Two and Three without prejudice unless Elegance & Geekery LLC appears through counsel within 30

days of the Court's order, and no recovery from either Defendant individually of alleged damages belonging to the LLC, with no other conditions. Plaintiff has not agreed.

**MOTION**

Defendants Breana Askew ("Askew") and Kiandria Demone Boyce ("Boyce"), who represent themselves, jointly move under Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings on items 1 and 2 below. Askew alone moves on item 3. Defendants also object under Rule 17(a)(3) that the claims addressed in items 1 and 2 are not prosecuted in the name of the real party in interest. The motion relies only on the First Amended Complaint ("FAC," ECF No. 97), the exhibits Plaintiff attached to it (ECF Nos. 97-1, 97-2), and the record of this case. Defendants do not concede the truth of any allegation in the FAC. Rule 12(c) requires the Court to treat the FAC's well-pleaded factual allegations as true for purposes of this motion only. Defendants ask the Court to order as follows:

1. **LLC claims.** Dismiss Claims Two (trade defamation) and Three (intentional interference) as against both Defendants, and Claim Six (Lanham Act) as against Askew, because each seeks relief for alleged injury to Elegance & Geekery LLC, which is not a party and may appear only through licensed counsel, unless within 30 days of the Court's order, or such other time as the Court sets, the LLC ratifies, joins, or is substituted into the action through licensed counsel under Rule 17(a)(3).
2. **LLC damages.** Hold that Plaintiff may not recover from either Defendant, under any remaining claim, alleged damages for alleged injury to the LLC's sales, customers, reviews, or other business interests, subject to the same Rule 17(a)(3) opportunity. This item does not reach any alleged injury to Plaintiff's own personal reputation or Plaintiff's own alleged emotional distress.
3. **Claim Ten (Askew alone).** As against Askew: (a) dismiss Claim Ten without prejudice to the extent paragraph 191 seeks a declaration about any patent; (b) dismiss without prejudice the rest of paragraph 191, which seeks a declaration that Plaintiff "has not infringed upon any valid intellectual property rights of Defendant Askew," unless the

LLC appears through counsel as provided in item 1; and (c) dismiss paragraphs 192 and 193, which seek only to restate the outcome of Claims One and Five. Boyce does not join this item.

Askew will separately move on the remaining claims, and that motion will not repeat the issues addressed here. This motion overlaps with Plaintiff's pending motion concerning counsel for the LLC (ECF No. 118), and the Court may resolve them together.

This motion is supported by the following memorandum and the pleadings and records on file.

## TABLE OF CONTENTS


| | |
|---|---|
| **I. INTRODUCTION** | 7 |
| **II. LEGAL STANDARD** | 7 |
| **III. ARGUMENT** | 7 |
| A. Claims Two, Three, and Six Belong to the LLC (Item 1). | 7 |
| B. The LLC May Appear Only Through Licensed Counsel (Item 1). | 8 |
| C. Rule 17(a)(3) Provides the Remedy (Item 1). | 9 |
| D. Claim Ten Should Be Dismissed as Against Askew (Item 3). | 9 |
| E. Plaintiff May Not Recover the LLC's Alleged Damages (Item 2). | 10 |
| F. The Motion Is Timely (Items 1 Through 3). | 11 |
| **IV. CONCLUSION** | 11 |


## TABLE OF AUTHORITIES


| **Cases** | **Page(s)** |
|---|---|
| *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188 (9th Cir. 1989) | 7 |
| *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183 (E.D. Cal. 2010) | 10 |
| *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) | 11 |
| *Lake v. Scheidt*, No. 6:20-cv-00850-AA (D. Or. Nov. 10, 2021) | 8 |
| *Ness & Campbell Crane, Inc. v. Kleppe*, No. 3:17-cv-01865-HZ (D. Or. Apr. 5, 2018) | 10 |
| *O'Neill v. U.S. Army Corps of Eng'rs*, No. 6:22-cv-01789-AA (D. Or. Feb. 7, 2023) | 8 |
| *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429 (9th Cir. 1979) | 11 |
| *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) | 7 |
| *United States v. High Country Broad. Co.*, 3 F.3d 1244 (9th Cir. 1993) | 8 |
| *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) | 10 |

| **Constitutional Provisions and Statutes** | **Page(s)** |
|---|---|
| 28 U.S.C. § 2201(a) | 9 |

| **Rules** | **Page(s)** |
|---|---|
| Fed. R. Civ. P. 9(g) | 11 |
| Fed. R. Civ. P. 10(c) | 7 |

| | |
|---|---|
| Fed. R. Civ. P. 12(c) | 1, 3, 7, 11 |
| Fed. R. Civ. P. 12(h)(3) | 9 |
| Fed. R. Civ. P. 16(b)(4) | 11 |
| Fed. R. Civ. P. 17(a) | 1, 2, 3, 7, 9, 11 |
| LR 83-9(b) | 8 |

## MEMORANDUM

## I. INTRODUCTION

Plaintiff sues individually, but Claims Two, Three, and Six, and much of the alleged damages in the FAC, belong to Elegance & Geekery LLC, which is not a party and has no lawyer. Plaintiff agrees that "the LLC cannot proceed without an attorney." ECF No. 120, at 1. Defendants ask the Court to apply that rule now and to allow the LLC a reasonable time to appear through counsel under Rule 17(a)(3).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings closed when both Defendants answered on September 28, 2026. ECF Nos. 114, 115. Both Defendants filed amended answers as a matter of course on October 19, 2026. ECF Nos. 124, 125. Rule 12(c) is "functionally identical" to Rule 12(b)(6), and "the same standard of review" applies. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

## III. ARGUMENT

### A. Claims Two, Three, and Six Belong to the LLC (Item 1).

The FAC alleges that Plaintiff "is an individual who is the owner of Elegance & Geekery LLC, a business licensed in Oregon." FAC ¶ 3. Claims Two, Three, and Six, as pleaded, concern the LLC. Claim Two alleges statements "about the quality, authenticity, and legality of Elegance & Geekery LLC's goods and services." FAC ¶ 167. Claim Three alleges interference with "Elegance & Geekery LLC's existing and prospective contractual and business relationships." FAC ¶ 172. Claim Six alleges statements "about Elegance and Geekery LLC's products and business." FAC ¶ 185. Plaintiff's own redline shows that, when Plaintiff amended, Plaintiff replaced "Plaintiff's" with "Elegance & Geekery LLC's" in Claim Two. ECF No. 97-2 (Ex. BV),

at 49. The caption's "d/b/a" label does not make the LLC's claims Plaintiff's own: Plaintiff alleges that Plaintiff is the LLC's "owner," FAC ¶ 3, and the LLC is a separate business entity that "may appear or act only through an attorney," LR 83-9(b).

Plaintiff's own exhibits are consistent. The pre-suit emails in Plaintiff's Exhibit A were exchanged with "support@eleganceandgeekery.com," and one is signed "Kursten Owen, CEO." ECF No. 97-1 (Ex. A), at 3–12; *id.* at 9. The demand letter in that exhibit threatened claims under Section 43(a) of the Lanham Act, "which entitles competitors to injunctive relief and/or damages," and under 35 U.S.C. § 292(a), quoting the remedy in § 292(b) for "a person who has suffered a competitive injury." *Id.* at 11.

**B. The LLC May Appear Only Through Licensed Counsel (Item 1).**

"A corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). The rule applies even to a sole shareholder: allowing "a sole shareholder with interests identical to the corporation's" to intervene pro se, "rather than hire corporate counsel, would eviscerate section 1654." *Id.* This Court's rule is the same: "Except a sole proprietorship, a business entity may appear or act only through an attorney, unless otherwise specifically provided by law or Court order." LR 83-9(b).

Judge Aiken has applied the rule to non-lawyer owners. When a co-plaintiff sought to proceed pro se as assignee of an LLC's claims, this Court held: "Lake may not, however, represent Fetch Industries, LLC," and that the plaintiffs "cannot evade the operation of this rule by the artifice of purporting to assign the LLC's claims and defenses to Lake." *Lake v. Scheidt*, No. 6:20-cv-00850-AA, ECF No. 115, at 2 (D. Or. Nov. 10, 2021) (Aiken, J.). And when a pro se founder sued alongside his entity, this Court held: "If Habitat Institute wishes to maintain this action, it must do so through a licensed attorney," and allowed the individual to "file an amended complaint presenting claims brought on his own behalf and without those claims brought by Habitat Institute." *O'Neill v. U.S. Army Corps of Eng'rs*, No. 6:22-cv-01789-AA, ECF No. 6, at 4–5 (D. Or. Feb. 7, 2023) (Aiken, J.).

Plaintiff is not an attorney, no attorney represents the LLC, and the LLC has never joined this action as a party. Plaintiff agrees that "the LLC cannot proceed without an attorney," ECF No. 120, at 1, and states that, "[i]f court appointed pro bono counsel is secured, Plaintiff will narrow the pleadings so the LLC pursues only Claim Six and will not pursue Claims Two and Three on the LLC's behalf," *id.* at 2. Plaintiff calls Claim Six "the company's Sixth claim." *Id.* at 3. And Plaintiff states, in a motion signed under penalty of perjury, that "[m]y LLC must be represented by an attorney, and I cannot represent it myself." ECF No. 118, at 1.

**C. Rule 17(a)(3) Provides the Remedy (Item 1).**

Every action must "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). This motion is that objection. Defendants ask the Court to allow 30 days. Plaintiff filed this action in July 2025, so the LLC has had more than a year to retain its own lawyer, and 30 days is a reasonable additional time. Plaintiff has asked for "at least 60 days to secure counsel and seek joinder or substitution under Rule 17(a)(3)," ECF No. 120, at 4; the length of the period is for the Court to set. If the LLC does not appear through counsel within that time, Claims Two and Three should be dismissed as against both Defendants, and Claim Six as against Askew.

**D. Claim Ten Should Be Dismissed as Against Askew (Item 3).**

*Patent declaration.* The Declaratory Judgment Act applies only "[i]n a case of actual controversy." 28 U.S.C. § 2201(a). The FAC alleges that Askew has only a "pending, unpublished patent application." FAC ¶ 14. Plaintiff agrees that Plaintiff will not pursue a declaration about any patent that has not issued. That part of Claim Ten should be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). It also concerns the LLC's products, as the next paragraph explains.

*The rest of paragraph 191.* Paragraph 191 seeks a declaration that Plaintiff "has not infringed upon any valid intellectual property rights of Defendant Askew." FAC ¶ 191. The FAC

alleges that the goods at issue are "Elegance & Geekery LLC's goods and services" and "Elegance and Geekery LLC's products." FAC ¶¶ 167, 185. Any declaration about whether those products infringe would concern the LLC's rights and obligations, not Plaintiff's. Askew has asserted no claim for infringement in this action, and the cease-and-desist the FAC alleges was addressed to "Elegance and Geekery." ECF No. 97-1, Ex. A, at 12–13. For the reasons in Parts B and C, the rest of paragraph 191 should be dismissed without prejudice as against Askew unless the LLC appears through counsel within the time set under item 1.

*Paragraphs 192 and 193.* These paragraphs ask the Court to declare that Defendants "unlawfully defamed" Plaintiff and "unlawfully and intentionally caused her emotional distress." Those are the questions Claims One and Five already present. The Declaratory Judgment Act confers "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This District has declined to entertain a declaratory claim that duplicates other claims, because a separate declaratory claim "should not be used . . . to determine identical issues subsumed within other claims." *Ness & Campbell Crane, Inc. v. Kleppe*, No. 3:17-cv-01865-HZ, ECF No. 10, slip op. at 14 (D. Or. Apr. 5, 2018) (quoting *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010)). Paragraphs 192 and 193 should be dismissed as against Askew.

**E. Plaintiff May Not Recover the LLC's Alleged Damages (Item 2).**

The same principle limits Plaintiff's alleged damages under the remaining claims. The FAC's damages allegations describe alleged losses to the business: lost profits, sales, and customers; new one-star reviews on the business's Facebook page; reports against Plaintiff's "ecommerce platforms"; and lost collaborations with creators "through social media." FAC ¶¶ 146–147, 152–153, 160. Plaintiff relies on these same paragraphs as pleading specific losses. Each describes an alleged loss to the business's sales, customers, platforms, or business relationships. In Claim One, Plaintiff seeks "loss of personal economic opportunities" (FAC ¶ 166), a phrase that read "loss of business opportunities" before Plaintiff amended. ECF No. 97-2 (Ex. BV), at 48. Relabeling does not change whose alleged injury it is. A business owner may

sue only for the owner's own "separate individual damage." *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 440 n.13 (9th Cir. 1979) (applying California law). At most, Plaintiff may seek recovery for alleged injury to Plaintiff's own reputation and for Plaintiff's own alleged emotional distress. Plaintiff may not recover the LLC's alleged losses in Plaintiff's own name by describing them as "personal." Nor does the FAC state any item of personal economic loss; paragraph 166 states a single sum for all alleged harms. FAC ¶ 166. "If an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g).

**F. The Motion Is Timely (Items 1 Through 3).**

The initial scheduling order set a 120-day deadline, "[u]nless otherwise ordered by the Court," to "[f]ile all pretrial, discovery, and dispositive motions." ECF No. 2, at 3. That deadline passed in November 2025, while the motions on personal jurisdiction were pending. The Court decided those motions on July 28, 2026, ECF No. 109, and Defendants answered on September 28, 2026, ECF Nos. 114, 115. A Rule 12(c) motion cannot be filed until the pleadings are closed. Fed. R. Civ. P. 12(c). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Defendants first conferred on September 26, 2026, deferred filing at Plaintiff's request, and conferred again promptly after the pleadings closed. Defendants ask the Court to treat this motion as timely.

## IV. CONCLUSION

The LLC's claims and alleged damages cannot proceed through Plaintiff, and Claim Ten presents no controversy the Court should declare. Defendants respectfully ask the Court to grant items 1 and 2 of the Motion, allowing the LLC a reasonable time under Rule 17(a)(3) to appear through licensed counsel, and Askew asks the Court to grant item 3.

DATED: October 20, 2026.

Respectfully submitted,

/s/ Breana Askew
Breana Askew
Defendant, pro se
Email: breanaaskew2@gmail.com

/s/ Kiandria Demone Boyce
Kiandria Demone Boyce
Defendant, pro se
Email: kboyce6977@gmail.com

**CERTIFICATE OF SERVICE**

We certify that on October 20, 2026, we served a true and correct copy of the foregoing DEFENDANTS BREANA ASKEW AND KIANDRIA DEMONE BOYCE'S JOINT MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (LLC CLAIMS AND DAMAGES) AND DEFENDANT ASKEW'S MOTION AS TO CLAIM TEN on the following by the Court's CM/ECF system, which will send notice to all parties registered to receive it, including: Kursten Owen, Plaintiff, pro se.

/s/ Breana Askew
Breana Askew
Defendant, pro se

/s/ Kiandria Demone Boyce
Kiandria Demone Boyce
Defendant, pro se